UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CITY OF SEATTLE, a municipal corporation located in the County of King, State of Washington,<br><br>    Plaintiff,<br><br>    v.<br><br>MONSANTO COMPANY, *et al.*,<br><br>    Defendant. | Case No. C16-107RSL<br><br>ORDER GRANTING DEFENDANTS' MOTION FOR LEAVE TO AMEND ANSWER AND COUNTERCLAIMS |

This matter comes before the Court on Monsanto's motion for leave to file an amended answer and counterclaims. Dkt. #76. The City of Seattle opposes the motion based on two aspects of Monsanto's proposed amended pleading. Dkt. # 79. For the reasons set forth below, the Court GRANTS Monsanto leave to file an amended answer and counterclaim.

**I.    BACKGROUND**

The Court has set forth this case's background with greater detail in prior orders. See Dkt. # 60. To summarize, however, defendants (collectively "Monsanto") are three successor companies that, until the late 1990s, comprised different divisions of the food and chemical conglomerate Monsanto. For decades, Monsanto made and sold polychlorinated biphenyls ("PCBs"), which are industrial compounds now regulated as

toxic chemicals by numerous state and federal laws. The City of Seattle alleges Monsanto manufactured PCBs that now contaminate south Seattle's East and Lower Duwamish Waterways. Seattle seeks compensation for costly cleanup efforts the City must undertake pursuant to several federal and state administrative actions. Those costs include construction of a stormwater treatment plant on the Duwamish and investigation and remediation expenses based on the waterways' designation as a Superfund Site under the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. § 9601 *et seq.* Seattle alleges Monsanto is liable for those and other costs because Monsanto produced and sold PCB compounds that it knew to be toxic and that now contaminate Seattle's waterways.

In March of this year, Monsanto filed an answer and counterclaims that included eighty-nine affirmative defenses and two counterclaims. Dkt. # 63. That pleading asserts Seattle is actually at fault because the City's poorly maintained drainage infrastructure led to the waterways' contamination. Monsanto also alleges it incurred response costs as part of the EPA's investigation of contamination in the Duwamish. Its original counterclaims assert that, under CERCLA, Seattle's fault for the contamination entitles Monsanto to recover its response costs and to obtain a declaratory judgment to that effect. Dkt. # 63 ¶¶ 145–73. Monsanto's original answer and counterclaims also explained it would eventually seek to amend the pleading to assert other federal and state claims, but would wait so as to avoid running afoul of certain notice and claim-presentment requirements. Dkt. # 63 ¶¶ 25–28.

On May 22, Monsanto filed this motion for leave to amend its original pleading. Dkt. # 76. It proposes three notable additions: more factual allegations of response costs Monsanto incurred; the affirmative defense that the City lacks standing; and new counterclaims based on the Clean Water Act and state-law actions of negligence, unjust enrichment, and contribution. Dkt. # 76-2. The City opposes Monsanto's addition of the unjust enrichment claim and supplementary response-cost allegations. Dkt. # 79.

## II. DISCUSSION

Courts "should freely give leave [to amend pleadings] when justice so requires." Fed. R. Civ. P. 15(a)(2). Based on "the strong policy permitting amendment," Bowles v. Reade, 198 F.3d 752, 757 (9th Cir. 1999), courts deny leave to amend "only if there is strong evidence of undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of amendment," Sonoma Cty. Ass'n of Retired Emps. v. Sonoma County, 708 F.3d 1109, 1117 (9th Cir. 2013) (citation, internal quotation marks, and alterations omitted).

Seattle contends Monsanto's unjust enrichment counterclaim is "asserted for an improper purpose and is futile." Dkt. # 79 at 2. The City offers no legal authority why the counterclaim is asserted for an improper purpose, and the Court finds no indication Monsanto brings the counterclaim in bad faith. Seattle maintains "the [counter]claim is futile because Monsanto cannot recover on it." Dkt. # 79 at 5. Seattle's contention closely resembles an argument that the counterclaim fails to state a claim upon which relief can be granted. See Fed. R. Civ. P. 12(b)(6). Indeed, there appears to be some overlap between a failure-to-state-a-claim defense and the contention that an amendment is futile, see Missouri ex rel. Koster v. Harris, 847 F.3d 646, 656 (9th Cir. 2017), cert. denied, 137 S. Ct. 2188 (2017), though denying leave to amend requires "strong evidence" of futility, Sonoma Cty. Ass'n of Retired Emps., 708 F.3d at 1117. The City will have ample opportunity to raise its attack on this counterclaim in a motion to dismiss, but the City's limited briefing at this stage does not present "strong evidence" the claim is futile.

The Court is aware of the proceedings in City of Spokane v. Monsanto Co., Case No. 2:15-cv-201, before the Honorable Salvador Mendoza of the United States District Court for the Eastern District of Washington. In those proceedings, the City of Spokane has instituted a similar PCB-related lawsuit against the same Monsanto corporate descendants that are defendants in this case. Judge Mendoza granted Monsanto leave to amend its answer and counterclaims at the same procedural stage we face on this motion.

1 Order Grant'g Defs.' Mot. for Leave to File First Am. Answer and Countercls., City of
2 Spokane v. Monsanto Co., Case No. 2:15-cv-201, Dkt. # 150 (E.D. Wash. Apr. 25, 2017).
3 Judge Mendoza also recently dismissed with prejudice Monsanto's counterclaims,
4 including its unjust enrichment claim under state law. Order Grant'g Pl.'s Mot. to
5 Dismiss Am. Countercls., City of Spokane v. Monsanto Co., Case No. 2:15-cv-201, Dkt.
6 # 167 (E.D. Wash. Jul. 10, 2017). Monsanto cites the first order as persuasive authority
7 for granting the motion before the Court. For its part, Seattle submits the latter order as
8 persuasive authority that Monsanto's unjust enrichment counterclaim is futile. Given the
9 strong policy in favor of allowing amendment, the Court will not deny Monsanto leave to
10 amend and the opportunity to respond to the City's inevitable motion to dismiss.

11 Seattle also objects to Monsanto supplementing its factual allegations of response
12 costs it incurred. Seattle argues Monsanto should not be allowed to add these factual
13 allegations because they could have been included in Monsanto's original answer. The
14 Court finds that argument unpersuasive given the liberal approach with which courts treat
15 pleading amendments, in particular a party's first effort to amend. Seattle also argues the
16 Court should deny Monsanto leave to amend because Monsanto is simply adding factual
17 allegations to avoid an adverse ruling on Seattle's stayed motion to dismiss. This
18 argument is likewise unpersuasive given that the Civil Rules contemplate amending
19 pleadings for that very reason. See Fed. R. Civ. P. 15(a)(1)(B).

### III. CONCLUSION

For the foregoing reasons, the Court GRANTS Monsanto's motion to amend its answer and counterclaims. Monsanto's proposed "First Amended Answer to Plaintiff's First Amended Complaint and Counterclaims," attached as Exhibit A, Dkt. # 76-2, is hereby entered and incorporated into the record of this matter.

DATED this 6th day of September, 2017.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge