UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CITY OF SEATTLE,

    Plaintiff,

v.

MONSANTO COMPANY, et al.,

    Defendants.

Case No. 2:16-CV-107-RSL

ORDER GRANTING
PLAINTIFF'S REQUEST
FOR JUDICIAL NOTICE

This matter comes before the Court on plaintiff City of Seattle's ("Seattle") "Motion Requesting Judicial Notice of Documents in Support of Plaintiff's Motion to Dismiss Counterclaims and Certain Defenses." Dkt. #94. Seattle requests that judicial notice be taken of eight documents. Id. at 2–3.

## **BACKGROUND**

Seattle filed a complaint against Monsanto[1] in 2016. Dkt. #31. Monsanto filed counterclaims against Seattle in 2017. Dkt. #63. Seattle then filed a motion to dismiss Monsanto's counterclaims, Dkt. #92, along with this request for judicial notice. Dkt. #94.

---

[1] The original Monsanto Company ("Old Monsanto") operated an agricultural products business, a pharmaceutical and nutrition business, and a chemical products business. Through a series of transactions beginning in approximately 1997, Old Monsanto's business was spun off into three separate corporations. Monsanto operates the agricultural products business. Pharmacia operates the pharmaceutical business. Solutia operates the chemical products business. Dkt. #31 at ¶¶ 30-34. The Court refers to the three defendants/counterclaimants collectively as "Monsanto" in this order.

ORDER GRANTING PLAINTIFF'S REQUEST
FOR JUDICIAL NOTICE - 1

On April 16, 2013, the United States and the State of Washington jointly sued Seattle for violations of the Clean Water Act, see 33 U.S.C. § 1319(b), (d); and the Washington Water Pollution Control Act, see RCW §§ 90.48.037, 90.48.144 for the discharge of pollutants of raw sewage. Ex. 11, Dkt. #76-13 at 2, 10–12. The suit was resolved by a consent decree ("Consent Decree"). Ex. 3; Dkt. #76-5; Ex. B, Dkt. #94-1 at 24–98.

## DISCUSSION

### A. Legal Standard

On a motion to dismiss, the Court considers documents incorporated into the complaint by reference and matters of which a court may take judicial notice. Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007) (citation omitted). The Court may take judicial notice of a fact that is not subject to reasonable dispute because it is generally known within the Court's territorial jurisdiction, or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). This may include undisputed matters of public record. Carlson v. Wells Fargo Bank, N.A., No. C15-0109JLR, 2015 WL 2062394, at *4 (W.D. Wash. May 4, 2015) (citing Harris v. Cnty. of Orange, 682 F.3d 1126, 1131–32 (9th Cir. 2012)).

### B. Exhibits A, B, F, G, H and I

Seattle's Exhibits A, B, G and H are referenced in Monsanto's Amended Answer and Counterclaims and are therefore suitable for judicial notice. Dkt. #91 at ¶¶ 46, 66–67, 49;[2] see Fed. R. Evid. 201(b). Exhibit F is an Administrative Order ("AO") from the State of Washington's Department of Ecology ("Ecology") regarding the West Point Wastewater Treatment Plant. See Ex. F, Dkt. #94-1 at 123–136. Exhibit I is a portion of Monsanto's responses to Requests for Admission from Seattle. See Ex. I, Dkt. #94-1 at 151–55. Monsanto also has no objection to Exhibits F or I. See Dkt. #101 at 2.

---

[2] Part of Exhibit B was also annexed as an exhibit to Monsanto's counterclaims. See Ex. 3; Dkt. #76-5.

**C. Exhibits C, D and E**

Exhibit C is a letter from the Environmental Protection Agency ("EPA") and Ecology approving Seattle's Final Plan to Protect Seattle's Waterways as "substantially conforming to the EPA's *CSO Control Policy* and *CSO Guidance for Long-Term Control Plan* as well as satisfying the City's NPDES [National Pollutant Discharge Elimination System] permit requirement for a CSO Reduction Plan Amendment and WAC 173-2450040." Ex. C, Dkt. #94-1 at 101. Exhibit D is a letter from the EPA approving Seattle's *Capacity, Management, Operations, and Maintenance Performance ("CMOM") Plan* and its *Floatables and Solids Observation Plan.* See Ex. D, Dkt. #94-1 at 105. Exhibit E consists of five letters from the EPA and Ecology imposing stipulated penalties for dry weather Combined Sewer Outflows ("CSOs") and Sewer Outflows ("SOs"). Ex. E, Dkt. #94-1 at 107–121. All three exhibits reference the Consent Decree.

Monsanto objects to Exhibits C, D and E (collectively, "the Exhibits"). Dkt. #101 at 2. Monsanto does not dispute that letters from the EPA and Ecology generally contain facts that "can be accurately and readily determined" and are a source "whose accuracy cannot reasonably be questioned." Dkt. #101 at 2–3; see Fed. R. Evid. 201(b). However, Monsanto argues that the Exhibits are not relevant to the issues before the Court. Id. at 3; see Santa Monica Food Not Bombs v. City of Santa Monica, 450 F.3d 1022, 1025 n.2 (9th Cir. 2006).

Monsanto's Third Counterclaim alleges that Seattle has violated the Clean Water Act ("CWA") and various NPDES Permits. Dkt. #91 at ¶¶ 180-208. It includes allegations regarding the adequacy of Seattle's sewer and treatment systems and the occurrence of Combined Sewer Outflows ("CSOs") in rainy and dry weather. Id. at ¶¶ 186-200. Monsanto seeks "a Court order enjoining [Seattle] from violating the substantive and procedural requirements of the CWA and the City NPDES Permits and requiring [Seattle] to remediate its discharges of pollutants." Id. at 86. In its motion to dismiss, Seattle argued *inter alia* that the Consent Decree addresses the same requirements as Monsanto's CWA counterclaim, and as the EPA is diligently prosecuting the Consent Decree, the counterclaim is barred. Dkt. #95-1 at 21–22; see 33 U.S.C. § 1365(b)(1)(B).

ORDER GRANTING PLAINTIFF'S REQUEST
FOR JUDICIAL NOTICE - 3

The Exhibits are annexed to demonstrate that the EPA has been diligently enforcing the Consent Decree. Dkt. #102 at 2–3.

The Court agrees that the Exhibits are relevant. Monsanto argues that the Consent Decree does not address Seattle's violations of water quality standards for PCBs, which is the subject of its counterclaim. Dkt. #101 at 4. However, there is significant overlap between the Consent Decree and Monsanto's counterclaim. See Dkt. #95-1 at 21–22; see Countercl. at ¶¶ 186–200 (allegations concerning Seattle's conveyance systems and CSOs); see Ex. B, Dkt. #94-1 at 30 ("The objectives of this Consent Decree … are to set out the requirements that the City will implement to reduce Combined Sewer Overflows and to achieve the goal of eliminating Sewer Overflows …"). The Exhibits are therefore more than "marginally relevant to the issues presented." Ruiz v. Darigold, Inc./Nw. Dairy Ass'n, No. C14-1283RSL, 2014 WL 5599989, at *1 (W.D. Wash. Nov. 3, 2014).

For all the foregoing reasons, Seattle's motion is GRANTED.

DATED this 3rd day of May, 2019.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge