1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CITY OF SEATTLE, a municipal
corporation located in the County of King,
State of Washington,

        Plaintiff,

        v.

MONSANTO COMPANY, SOLUTIA,
INC., and PHARMACIA
CORPORATION, and Does 1 through 100,

        Defendants.

Case No.  2:16-cv-00107-RSL

AMENDED ORDER GRANTING
DEFENDANT MONSANTO
COMPANY'S MOTION TO
COMPEL RESPONSE TO
MONSANTO COMPANY'S
SPECIAL INTERROGATORIES
AND REQUESTS FOR
PRODUCTION

This matter comes before the Court on Defendant Monsanto Company's Motion to

Compel Plaintiff City of Seattle to Respond to Defendant's Special Interrogatories and

Requests for Production. Dkt. # 118. In this tort action, Plaintiff seeks relief from

Defendant and its predecessors under negligence and public nuisance theories for alleged

contamination in Seattle's streets, stormwater, drainage, and waterways from Defendant's

production of polychlorinated biphenyls ("PCBs"). Dkt. #31 at ¶¶ 91-108, 130-137. In its

Motion to Compel, Defendant primarily requests documents supporting Plaintiff's

computation of damages initially requested in November 2017. Dkt. # 118 at 2. Plaintiff argues in response that it has already produced many of the requested documents, that it continues an arduous process of locating others, and that it plans to have turned over all requested documents by November 1, 2019. Dkt. #120 at 2-6. However, in electronic communication between all counsel and the Court on October 31, 2019, Plaintiff indicated that it had not turned over all of the documents Defendant requests. Plaintiff promised to have completed the production by November 18, 2019.

Defendant has carried its burden in demonstrating the relevance of the requested discovery. As the parties prepare for trial, Defendant must determine whether Plaintiff's computation of damages is accurate and adequately supported. *See* Fed. R. Civ. P. 26(a)(1)(A)(iii) (requiring a disclosing party to "make available for inspection and copying as under Rule 34 the documents . . . on which each computation [of damages] is based . . . "); *City and Cnty. of San Francisco v. Tutor-Saliba Corp.*, 218 F.R.D. 219, 221 (N.D. Cal. 2003) (requiring Plaintiff to produce documents supporting its computation of damages so that Defendant may "understand the contours of its potential exposure and make informed decisions as to settlement"). Plaintiff responds that in producing over two million documents, it has participated in the discovery process in "good faith." Dkt. #120 at 7. However, the Rule requires more than good faith; it requires Plaintiff to make the requested documents available for inspection and copying. Fed. R. Civ. P. 26(a)(1)(A)(iii).

Plaintiff has had ample time to produce the documents Defendant requests, and on which Plaintiff relied for its computation of damages. Plaintiff did not meet its own self-imposed deadline of November 1, 2019 and indicated it would need another few weeks to produce the documents.

1      In order to ensure both parties are able to adequately prepare for trial in September

2 2020, Plaintiff is ORDERED to produce the requested documents by its second self-

3 imposed deadline of November 18, 2019. Accordingly, Defendant Monsanto Company's

4 Motion to Compel Plaintiff City of Seattle to Respond to Defendant's Special

5 Interrogatories and Requests for Production is GRANTED.

6

7      DATED this 7th day of November, 2019.

8

9

                      Robert S. Lasnik

10                       United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26 AMENDED ORDER GRANTING
DEFENDANT'S MOTION TO COMPEL- 3