Honorable Robert S. Lasnik

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
### AT SEATTLE

CITY OF SEATTLE, a municipal corporation located in the County of King, State of Washington,

    Plaintiff,

v.

MONSANTO COMPANY, SOLUTIA INC., and PHARMACIA CORPORATION, and DOES 1 through 100,

    Defendants.

Case No.:  2:16-cv-00107-RSL

**PLAINTIFF'S MOTION FOR PROTECTIVE ORDER**

NOTE ON MOTION CALENDAR:
January 17, 2020

Complaint Filed:   January 25, 2016
Trial Date:        September 14, 2020

## I.    Requested Relief

Plaintiff, the City of Seattle, moves for a protective order ruling that: 1) Plaintiff not be required to produce Mediation Privileged documents in response to Defendants' discovery requests or to disclose the substance of its mediation communications; and, 2) Defendants may not use the City's Mediation Privileged documents or any of the City's mediation communications in this litigation.

## II.    Facts

Defendant Pharmacia issued the following Request for Production:

**REQUEST FOR PRODUCTION NO. 39:**
All DOCUMENTS produced, served, filed, or otherwise provided by YOU in the ALLOCATION PROCEEDING, including but not limited to YOUR disclosure questionnaire responses, Section 104(e) responses, position papers, affidavits or declarations, deposition testimony, expert reports, and rebuttal reports.

PLAINTIFF'S MOTION FOR PROTECTIVE ORDER
(2:16-cv-00107-RSL) – Page 1

**PETER S. HOLMES**
Seattle City Attorney
701 Fifth Avenue, Suite 2050
Seattle, WA 98104
 (206) 684-8200

Pharmacia defined "ALLOCATION PROCEEDING" as follows:

> "ALLOCATION PROCEEDING" shall mean and refer to the alternative dispute resolution process entered into by YOU and other parties pursuant to the Alternative Dispute Resolution Memorandum of Agreement signed by YOU on April 7, 2014.

Wishik Declaration, Ex. A, p.2.

The "ALLOCATION PROCEEDING" is a voluntary, confidential alternative dispute resolution process.  Forty-four parties are engaged in that process, commonly known as the Duwamish Allocation, in an effort to resolve their respective shares of past and future costs for investigation and remediation of the Lower Duwamish Waterway.  The Duwamish Allocation began in 2014 and is ongoing.  Wishik Declaration, ¶3.

The Duwamish Allocation is governed by an agreement (the Allocation MOA) that provides:

> The Participating Parties intend that their communications with the Allocator and with one another during the Allocation Process, whether written or oral, be kept confidential among the Participating Parties and the Allocator to the fullest extent allowed by law. The Allocation Process shall be considered a mediation that is covered by RCW 42.56.600 (exemption from public disclosure for records of mediation communications) and RCW 7.07.030 (mediation communications are privileged).

Wishik Declaration, Ex. B (MOA Section 5.1.5.4).[1]  The Allocation MOA also provides:

> Neither this MOA nor any information submitted or any action taken by any Participating Party pursuant to this MOA shall constitute, be interpreted, construed, or used as evidence of any admission of liability, law or fact, a waiver of any right or defense, nor an estoppel against any Participating Party.

*Id.*, (Section 15).

The City does not object to the entirety of Pharmacia's RFP No. 39.  The City has already produced to Defendants tens of thousands of documents that the City provided to the Allocation and that exist outside of the Allocation, such as the City's responses to EPA's requests for information under CERCLA Section 104(e), sampling data from the City's stormwater system and from City facilities, information on City facilities and operations, deposition transcripts from prior litigation,

---

[1] The Allocation MOA is not privileged because it was provided to EPA and to parties that were invited but declined to participate in the Allocation.  It also was part of King County's case against its insurers. Wishik Declaration, ¶5.

PLAINTIFF'S MOTION FOR PROTECTIVE ORDER
(2:16-cv-00107-RSL) – Page 2

**PETER S. HOLMES**
Seattle City Attorney
701 Fifth Avenue, Suite 2050
Seattle, WA 98104
(206) 684-8200

affidavits and declarations by City witnesses in prior litigation, and environmental reports on contaminated sites in the Duwamish drainage area.  Wishik Declaration, ¶6.

The City has objected and refused to produce documents that the City developed solely for the Allocation, because any such documents are subject to the Mediation Privilege.  These include: the City's responses to an extensive questionnaire from the Allocator regarding each of the City's facilities; the City's responses to further questions by the Allocator and/or by other Allocation Parties; correspondence between the City and the Allocator and/or other Allocation Parties; the City's briefs on legal issues presented to the Allocator; declarations by City staff regarding Allocation issues; Position Papers by the City addressing the factual, legal and technical bases for its recommendations to the Allocator; and reports developed by City experts for the Allocation.  Id., ¶7.

The Defendants are well aware of the confidentiality provisions of the Allocation MOA because Pharmacia is participating in the Allocation.  Defendants' First Amended Answer to First Amended Complaint, Dkt #91, p. 52:16-18.  Pharmacia is also aware that the meaning and scope of the confidentiality provisions in the Allocation MOA was previously litigated in a case by King County against its insurers.  *King County v. The Travelers Indemnity Co. et al.*, 2:14-cv-01957-BJR (W.D. Wash.). There, insurers in King County's case sought discovery of documents produced and developed by other parties in the Allocation.  Here, the Defendants seek discovery of documents the City developed for the Allocation.  The differences in the discovery requests are not determinative, because the Allocation MOA provides that all communications are covered by the Mediation Privilege.

In *King County*, the City intervened solely to oppose disclosure of Mediation Privileged documents.  The Allocator for the Duwamish Allocation, attorney John Barkett, an experienced mediator and arbiter, provided his analysis and construction of the Allocation MOA. He explained:

> ADR processes work because each participant knows that the process is confidential. Indeed, in this matter, I have relied on the confidentiality of the process to demand the utmost in due diligence from each Participant in responding to Disclosure Questionnaires. Voluntary disclosure is fundamental to the integrity of the process.

**PETER S. HOLMES**
Seattle City Attorney
701 Fifth Avenue, Suite 2050
Seattle, WA 98104
 (206) 684-8200

*King County v. Travelers*, 2:14-cv-01957-BJR, Dkt # 647, p. 9.[2]  He construed Section 15 of the Allocation MOA, which  provides that,  no "information submitted or any action taken by any Participating Party pursuant to this MOA shall constitute, be interpreted, construed, or used as evidence of any admission of liability, law or fact, a waiver of any right or defense, nor an estoppel against any Participating Party."  The Allocator concluded that: "<u>This provision is expressly designed to limit information developed by each Participating Party to the confines of this mediation-confidential process.</u>"  *Id*., at p.10.  The provision "would bar any Participant in this process" from using such information in litigation.  *Id.*

Judge Rothstein denied the insurers' Motion to Compel in King County's case, saying, "At the very least, if the Court were to order disclosure of the documents at issue, going forward parties to mediations would have legitimate doubts about future enforcement of the protections the Washington legislature sought fit to provide."  2:14-cv-01957-BJR, Dkt # 672, p. 7:22-24.  The Court's finding in *King County* is equally applicable to the Request at issue here.

## III. Legal Argument

A.  <u>A Motion for Protective Order is Appropriate.</u>

In order to prevent annoyance or oppression, a party may seek a protective order forbidding the disclosure or discovery of requested information or materials. FRCP 26(c)(1). To obtain a protective order, the party resisting discovery must show "good cause" for its issuance. FRCP 26(c)(1).

Here good cause exists because Defendants' RFP 39 seeks documents that are explicitly privileged as mediation communications.  Discovery of privileged matters goes beyond the legitimate scope of information to be obtained during discovery even if relevant to a party's claims or defenses. FRCP 26(b)(1) ["Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. (emphasis added)].  Such

---

[2] A courtesy copy is Exhibit – to the Declaration of Laura Wishik, filed in support of this motion.

PLAINTIFF'S MOTION FOR PROTECTIVE ORDER
(2:16-cv-00107-RSL) – Page 4

**PETER S. HOLMES**
Seattle City Attorney
701 Fifth Avenue, Suite 2050
Seattle, WA 98104
(206) 684-8200

privileged information is absolutely protected from disclosure. Further, a protective order is appropriate regarding mediation privileged materials already obtained by Defendants.

> B. <u>The City should be protected from producing its mediation communications or the substance of them.</u>

Washington has adopted the Uniform Mediation Act. It applies when, "The mediation parties and the mediator agree to mediate in a record that demonstrates an expectation that mediation communications will be privileged against disclosure." RCW 7.07.020 (1)(b). The Allocation MOA satisfies this requirement.

The statutory definitions include:

> "Mediation communication" means a statement, whether oral or in a record or verbal or nonverbal, that occurs during a mediation or is made for purposes of considering, conducting, participating in, initiating, continuing, or reconvening a mediation or retaining a mediator.

RCW 7.07.010(2). The documents the City developed solely for the Allocation are "made for the purposes of . . . participating" in a mediation and thus are "mediation communications."

The statute provides that:

> (1) . . . [A] mediation communication is privileged as provided in subsection (2) of this section and is not subject to discovery or admissible in evidence in a proceeding unless waived or precluded as provided by RCW 7.07.040.

> (2) In a proceeding, the following privileges apply:

>> (a) A mediation party may refuse to disclose, and may prevent any other person from disclosing, a mediation communication.

RCW 7.07.030. The City is exercising its right to "refuse to disclose" the City's mediation communications.

The City's position papers in the Allocation present the City's recommendations to the Allocator regarding its own and the other parties' shares of liability. They are precisely the type of communication that Washington's Mediation Act is intended to protect. As Judge Pechman recognized in a 2010 case:

**PETER S. HOLMES**
Seattle City Attorney
701 Fifth Avenue, Suite 2050
Seattle, WA 98104
(206) 684-8200

> The mediation statement Defendants seek to use in this litigation falls squarely under the mediation privilege. It is a document that was prepared for purposes of conducting and participating in a mediation . . . A clearer application of the Mediation Act's privilege is difficult to imagine.

*W. & Clay, LLC v. Landmark Am. Ins. Co.*, C09-1423 MJP, 2010 WL 1881880, at \*1 (W.D. Wash. May 10, 2010).

Although there are exceptions to the Mediation Privilege, none of them apply in this case. RCW 7.07.050. Further, when counsel for the City conferred with counsel for Monsanto, Monsanto's counsel did not assert that one of the exceptions applied to the City's mediation communications. Rather, Defendants' counsel contended that the City had waived the privilege. Julius Dec. ¶2. The statute addresses waiver of the privilege:

> A privilege under RCW 7.07.030 may be waived in a record or orally during a proceeding if it is expressly waived by all parties to the mediation and:
>
>> (a) In the case of the privilege of a mediator, it is expressly waived by the mediator; and
>> (b) In the case of the privilege of a nonparty participant, it is expressly waived by the nonparty participant.
>
> (2) A person that discloses or makes a representation about a mediation communication which prejudices another person in a proceeding is precluded from asserting a privilege under RCW 7.07.030, but only to the extent necessary for the person prejudiced to respond to the representation or disclosure.
>
> (3) A person that intentionally uses a mediation to plan, attempt to commit, or commit a crime, or to conceal an ongoing crime or ongoing criminal activity is precluded from asserting a privilege under RCW 7.07.030.

RCW 7.07.040. The City has not disclosed or made a representation about a mediation communication which prejudices the Defendants. Wishik Decl., ¶8. None of the statutory waiver provisions apply to the present case, therefore the City should be protected from producing its mediation communications or the substance of them in discovery.

C. <u>Defendants should be prohibited from using the City's mediation communications in this case.</u>

The statute provides that, "A mediation party may refuse to disclose, and <u>may prevent any other person from disclosing</u>, a mediation communication." RCW 7. 07.030. Pharmacia is a party in the Allocation and in this case. The Allocation MOA limits parties' from using Mediation Privileged

**PETER S. HOLMES**
Seattle City Attorney
701 Fifth Avenue, Suite 2050
Seattle, WA 98104
(206) 684-8200

1  documents outside of the Allocation.  Wishik Dec., Ex. – (MOA Section 15).  The Allocator ruled that,

2  "This provision is expressly designed to limit information developed by each Participating Party to the

3  confines of this mediation-confidential process." *Id*., at p.10.

4         Here, the City is concerned that defense counsel may have obtained the City's Mediation

5  Privileged documents from Pharmacia and is using them in this case.  The City notified Defendants

6  that it objects to the use of such documents outside of the Allocation.  Julius Dec., ¶3.  As of the time

7  of this filing, defense counsel have not denied they are using such documents. *Id*., ¶6.  The Court's

8  intervention is necessary to insure that Defendants not use the City's mediation communications in this

9  case.

10         The City asks the Court to enter a Protective Order barring the Defendants from using the

11  City's Mediation Privileged documents and any of the City's mediation communications in this case.

12  If defense counsel have such documents, they should be required to destroy them and any related notes

13  or references.  If the City's mediation communications have been disclosed to defense experts, those

14  experts should be identified and barred from testifying in this case.

15         The City respectfully asks the Court to enter a Protective Order and has provided a draft with

16  this motion.

17

18  Dated:  January 9, 2020            Respectfully submitted,

19                                  PETER S. HOLMES
                                Seattle City Attorney

20                                  By: s/Laura B. Wishik
                                   Peter S. Holmes, WSBA # 15787

21                                     Laura B. Wishik, WSBA #16682

22                                  **SEATTLE CITY ATTORNEY'S OFFICE**
                                701 Fifth Avenue, Suite 2050

23                                  Seattle, Washington 98104-7097
                                Telephone: (206) 684-8200

24                                  Email: Laura.Wishik@seattle.gov

25                                  **BARON & BUDD, P.C.**
                                Scott Summy *(admitted Pro Hac Vice)*

26                                  Carla Burke Pickrel *(admitted Pro Hac Vice)*
                                Celeste Evangelisti *(admitted Pro Hac Vice)*

27                                  3102 Oak Lawn Avenue, Suite 1100
                                Dallas, Texas 75219-4281

28                                  Telephone: (214) 521-3605

                                            **PETER S. HOLMES**
                                            Seattle City Attorney
                                            701 Fifth Avenue, Suite 2050
                                            Seattle, WA 98104
                                            (206) 684-8200

1

Email: SSummy@baronbudd.com
            cburkepickrel@baronbudd.com
            cevangelisti@baronbudd.com

2

3

John P. Fiske *(admitted Pro Hac Vice)*
Jason J. Julius *(admitted Pro Hac Vice)*
11440 West Bernardo Court Suite 265
San Diego, CA 92127
Telephone:  858-251-7424 Fax: 214-520-1181
Email: jfiske@baronbudd.com
            jjulius@baronbudd.com

4

5

6

7

**GOMEZ TRIAL ATTORNEYS**
John H. Gomez *(admitted Pro Hac Vice)*
655 West Broadway, Suite 1700
San Diego, CA 92101
Telephone: (619) 237-3490
Email:  john@gomeztrialattorneys.com

8

9

10

11

Attorneys for Plaintiff

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF'S MOTION FOR PROTECTIVE ORDER
(2:16-cv-00107-RSL) – Page 8

**PETER S. HOLMES**
Seattle City Attorney
701 Fifth Avenue, Suite 2050
Seattle, WA 98104
 (206) 684-8200

1

### CERTIFICATE OF SERVICE

2      I hereby certify that on January 9, 2020 I electronically filed the foregoing with the Clerk of the

3   Court using the CM/ECF system which will send notification of such filing to the following:

4          Jennifer L. Campbell
           Connie Sue M. Martin
5          SCHWABE, WILLIAMSON & WYATT, P.C.
           1420 5th Avenue, Suite 3400
6          Seattle, WA  98101
           jcampbell@schwabe.com
7          csmartin@schwabe.com

8          Robert M. Howard
           Kelly E. Richardson
9          LATHAM & WATKINS LLP
           12670 High Bluff Drive
10         San Diego, California 92130
           robert.howard@lw.com
11         kelly.richardson@lw.com

12         Nicholas D Kayhan
           Megan R Nishikawa
13         Donald F. Zimmer, Jr.
           KING & SPALDING LLP
14         101 Second Street, Ste 2300
           San Francisco, CA 94105
15         415-318-1261
           nkayhan@kslaw.com
16         mnishikawa@kslaw.com
           fzimmer@kslaw.com
17
           Adam E. Miller
18         Lisa N. Debord
           **Capes Sokol**
19         8182 Maryland Avenue, Fifteenth Floor
           St. Louis, MO  63105
20         miller@capessokol.com
           debord@capessokol.com
21

22   DATED:  January 9, 2020                    By:  s/Jason J. Julius
                                                Jason J. Julius
23                                              jjulius@baronbudd.com
                                                858-251-7427
24

25

26

27

28
   PLAINTIFF'S MOTION FOR PROTECTIVE ORDER        **PETER S. HOLMES**
   (2:16-cv-00107-RSL) – Page 9                   Seattle City Attorney
                                                  701 Fifth Avenue, Suite 2050
                                                  Seattle, WA 98104
                                                   (206) 684-8200