UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CITY OF SEATTLE,<br><br>            Plaintiff,<br><br>     v.<br><br>MONSANTO COMPANY, *et al.*,<br><br>            Defendants. | Cause No. C16-0107RSL<br><br>PROTECTIVE ORDER |

       This matter comes before the Court on "Plaintiff's Motion for Protective Order." Dkt. # 139. Defendant Pharmacia Corporation requested the production of all documents the City produced/submitted in a parallel alternative dispute resolution process involving 44 parties and the allocation of costs associated with the investigation and remediation of the Lower Duwamish Waterway (commonly known as the "Duwamish Allocation."). Both the City and Pharmacia are parties to the Duwamish Allocation, which began in 2014 with the signing of a Memorandum of Agreement (the "Allocation MOA") and remains on-going.

       In response to Request for Production ("RFP") 39, the City produced documents that originated separate from and outside of the Allocation and were submitted to the Allocator or participating parties during the mediation. The produced documents include, *inter alia*, the City's responses to the Environmental Protection Agency's requests for information, its sampling data, and information regarding its facilities and operations in and near the Waterway.

PROTECTIVE ORDER - 1

The City objected to producing, and has not produced, documents that it developed solely for use in the Allocation, such as the City's responses to the Allocator's inquiries, correspondence between participating parties, memoranda/position papers/declarations it submitted regarding proposed allocation options, *etc*. The City argues that these materials are subject to and protected by a mediation privilege.

Washington law protects from discovery mediation communications (RCW 7.07.030(1)) if the mediation parties and the mediator have agreed "to mediate in a record that demonstrates an expectation that mediation communications will be privileged against disclosure" (RCW 7.07.020(1)(b)). The Allocation MOA contains such a record:

> The Participating Parties intend that their communications with the Allocator and with one another during the Allocation Process, whether written or oral, be kept confidential among the Participating Parties and the Allocator to the fullest extent allowed by law. The Allocation Process shall be considered a mediation that is covered by RCW 42.56.600 (exemption from public disclosure for records of mediation communications) and RCW 7.07.030 (mediation communications are privileged).

Dkt. # 139-3 at 17. The Allocation MOA further provides that information submitted in the Allocation cannot be "used as evidence of any admission of liability, law or fact, a waiver of any right or defense, nor an estoppel against any Participating Party." Dkt. # 139-3 at 33.

Pharmacia does not dispute that the withheld documents are mediation communications[1] or that the parties to the Allocation intended to keep such materials confidential when they agreed to mediate and signed the Allocation MOA. It argues, however, that the City has waived the privilege by (1) filing this litigation and (2) failing to oppose another participant's production

---

[1] "Mediation communications" include statements made during a mediation or statements made "for the purposes of considering, conducting, participating in, initiating, continuing, or reconvening a mediation." RCW 7.07.010(2).

PROTECTIVE ORDER - 2

of its own mediation communications in a lawsuit against its insurers. Neither argument has merit.

### (1) Filing this Litigation

The promise to keep mediation communications confidential - and the statutory protections for such communications - do not evaporate simply because one or more parties ultimately resorts to litigation in order to resolve the dispute. Under the federal discovery rules, Pharmacia is entitled to discover all relevant, non-privileged documents, facts, and information. The universe of discoverable documents does not, however, include materials protected by the mediation privilege, *i.e.*, materials generated for and exchanged in the Duwamish Allocation. The privilege can be waived, but Pharmacia bears the burden of showing that the City has "disclose[d] or ma[de] a representation about a mediation communication which prejudices [Pharmacia]. RCW 7.07.040(2). Even then, the waiver is "only to the extent necessary for [Pharmacia] to respond to the representation or disclosure." *Id.*

Waiver of the mediation privilege can occur in a number of disparate circumstances. If, for example, the City were attempting to invalidate an allocation that favored Pharmacia by arguing that it had never agreed to be bound by the Allocator's decision (*see Stuart v. Korey*, 2017 WL 149636, at *2 (W.D. Wash. Apr. 26, 2017)), offered as evidence a declaration that had been submitted to the Allocator but was refusing to produce other declarations from the same declarant or regarding the same subject (*see Puget Soundkeeper Alliance v. Rainier Petroleum Corp.*, 2017 WL 6515970, at *6 (W.D. Wash. Dec. 19, 2017)), or were suing its insurer to recover amounts it had agreed or been compelled to pay in the Allocation *(see Bradfield v. Mid-Continent Cas. Co.*, 15 F. Supp.3d 1253, 1256-57 (M.D. Fla. 2014)), it would arguably have put mediation communications at issue, and Pharmacia would arguably be entitled to discover

PROTECTIVE ORDER - 3

additional mediation materials as necessary to respond to the disclosure or representation. Pharmacia has not, however, identified any disclosure of, representation regarding, or reliance on a mediation communication by the City. It does no more than point out that this litigation and the Duwamish Allocation have many overlapping issues, arguing that the documents it seeks "undoubtedly contain information relevant to the issue of causation" and "undoubtedly feature key information regarding the damages sought by the City." Dkt. # 140 at 5. Pharmacia has ample tools under the federal rules of discovery with which to investigate and discover the underlying facts regarding causation and the City's costs/expenses from non-privileged sources. The mere fact that mediation communications are relevant to issues in this litigation does not waive the privilege. Rather, Pharmacia must show that the City used mediation communications in a way that prejudices it, necessitating further disclosures so that Pharmacia can respond and defend itself. Having failed to show that the City disclosed or made a representation regarding privileged communications, Pharmacia is not entitled to production of documents that were generated for the mediation, disclosed with the expectation of confidentiality, and subject to the mediation privilege.

**(2) Failure to Object to King County's Waiver**

King County, another participant in the Duwamish Allocation, sued its insurer for the costs King County incurred in the Allocation. When the insurer served requests for production of documents related to the Allocation, King County turned over documents that it had produced to other participants, but refused to provide, based on the MOA and Washington law, documents that were produced by, or reflect the work of, other parties to the Allocation. The insurer filed a motion to compel. The City of Seattle intervened in that action, lodging "vociferous objections" to the production of its mediation privileged materials. *King County v. Travelers Indem. Co.*,

PROTECTIVE ORDER - 4

2018 WL 1994119, at *3 (W.D. Wash. Apr. 27, 2018).

Pharmacia argues that, by failing to oppose King County's production of its own mediation documents, the City waived the mediation privilege. This argument is illogical and finds no support in the case law. The privilege the City successfully asserted in the King County coverage litigation is the same privilege it asserts here. The documents the City sought to protect in the King County coverage litigation are the same documents it seeks to protect here. There has been no waiver. That King County waived its own privilege so that it could pursue an insurance coverage claim has no impact on the City's claim of privilege in the circumstances presented here. As the Honorable Barbara J. Rothstein recognized "under these circumstances the privilege at issue [was] not even King County's to waive." *Id.*

For all of the foregoing reasons, plaintiff's motion for a protective order relieving it from any further obligation to respond to RFP 39 is GRANTED. Because the City has not waived the mediation privilege, the City's mediation communications cannot be used in this litigation, either as direct evidence or as the basis for expert testimony.[2]

Dated this 28th day of September, 2020.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

---

[2] Plaintiff's request that the Court exclude any expert who has seen privileged mediation communications is DENIED without prejudice to the issue being raised in a more concrete setting.

PROTECTIVE ORDER - 5