**UNITED STATES DISTRICT COURT**
WESTERN DISTRICT OF WASHINGTON
UNITED STATES COURTHOUSE
700 STEWART STREET
SEATTLE, WASHINGTON 98101

**ROBERT S. LASNIK**
  DISTRICT JUDGE

April 26, 2021

Amy Williams-Derry
1201 3rd Ave, Suite 3200
Seattle, WA 98101-3052

Lisa DeBord
7701 Forsyth Blvd, 12th Floor
St. Louis, MO 63105

**Delivered Via CM/ECF**

  RE:  City of Seattle v. Monsanto Company, et al. (C16-107-RSL)
       Proposed Stipulated Mutual Clawback Order

Dear Ms. Williams-Derry and Ms. DeBord:

On March 30, 2021, the Court received your proposed "Stipulated Mutual Clawback Order." Dkt. # 175.

Pursuant to Fed. R. Civ. P. 26(c), protective orders may be entered to protect parties from annoyance, embarrassment, oppression, or undue burden or expense, including protecting confidential commercial information. Such protective orders may issue upon a showing of good cause.

Additionally, parties may agree to entry of a non-waiver order under Fed. R. Evid. 502(d), but the order must be consistent with the applicable federal and local procedural rules. Rule 502(d) pertains to waiver by "disclosure," not waiver by use.

The proposed order submitted in this case is deficient because it purports to expand the

"obligations of the receiving parties" under Fed. R. Civ. P. 26(b)(5)(B) to documents produced at hearings, trials, and other proceedings, Dkt. #175, when Rule 26(b)(5)(B) pertains specifically to information "produced in discovery." Similarly, the proposed order also provides that the non-waiver provision will apply not only to the production of documents, but to the "production, *use, or introduction* of any documents in this proceeding." Dkt. # 175. The Court will not adopt the proposed order because it attempts to expand the non-waiver provision too far, permitting the parties to claw back documents used "in depositions and court filings, at any time—conceivably, even through the close of litigation." Certain Underwriters at Lloyd's, London v. Nat'l Railroad Passenger Corp., 218 F. Supp. 3d 197, 2023 (E.D.N.Y. 2016) (describing such an outcome as an "absurd result"and explaining that Rule 502(d) was not intended to "insulate parties entirely from the possibility of waiver").

The proposed order received by the Court will remain lodged in the file, but will not be entered. The parties may resubmit a proposed order if they remedy the deficiencies identified in this letter.

Sincerely,

*[signature]*

Robert S. Lasnik
United States District Judge