The Honorable Robert S. Lasnik

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

CITY OF SEATTLE,

                              Plaintiff,

        v.

MONSANTO COMPANY, et al.,

                              Defendants.

No. 2:16-cv-00107-RSL

**PLAINTIFF'S MOTION FOR PROTECTIVE ORDER WITH RESPECT TO MONSANTO'S FED. R. CIV. P. 30(B)(6) DEPOSITION NOTICE**

**ORAL ARGUMENT REQUESTED**

NOTE ON MOTION CALENDAR:
June 4, 2021

## I.      INTRODUCTION AND CERTIFICATION

The Monsanto Defendants ("Monsanto") ask Plaintiff City of Seattle (the "City") to endure nearly 50 hours of corporate deposition testimony involving 141 topics (including subtopics) stretching back over 85 years for a case that involves one contaminant and a few miles of one water body. Monsanto's "super-sized" deposition notice is not proportional to the limited geographic scope of the action and its single contaminant. Responding to the notice as drafted, if feasible at all, would take literally hundreds of additional hours of preparation by the City. Even with the City's proposed limits, the 30(b)(6) has and will require hundreds of hours of

PLAINTIFF'S MOTION FOR PROTECTIVE
ORDER (2:16-cv-00107-RSL) - 1

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

preparation. The City asks the Court to enter a protective order that limits the length of deposition to 28 hours, defines a reasonable geographic scope, and limits the scope of the topics to PCBs. Pursuant to LCR 26(c)(1), counsel for the City certifies that it conferred in good faith with counsel for Monsanto on the issues in this Motion. *See* Declaration of Amy Williams-Derry in Support of Plaintiff's Motion for Protective Order with Respect to Monsanto's Fed. R. Civ. P. 30(b)(6) Deposition Notice ("Derry Decl.") ¶ 4.

## II.      BACKGROUND

Monsanto produced, promoted, and sold polychlorinated biphenyls ("PCBs"), a toxic chemical that pervasively contaminates the Lower Duwamish Waterway and the City's adjacent streets and stormwater system. *See generally* Dkt. # 31. The City pursues nuisance and negligence claims against Monsanto for the PCB contamination.

Monsanto first served on the City a Notice of Rule 30(b)(6) Deposition ("Notice") covering 155 topics (including subtopics) on January 13, 2020. The City served its responses and objections to that Notice on January 28, 2020. *See* Derry Decl. ¶¶ 2-3, Exs. A-B. The parties met and conferred telephonically on at least six occasions and corresponded extensively regarding the scope of the deposition and the parties were able to reach some agreements. *Id.* ¶¶ 4–6.  On April 28, 2021, the City sent Monsanto a comprehensive written proposal summarizing its remaining objections and proposing reasonable limitations of certain topics and governing definitions. *Id.* ¶ 7, Ex. C. On May 11, 2021 the City reconfirmed that it was designating four persons to testify in response to the Notice, and that it would agree to up to 28 hours of corporate deposition testimony. *Id.* ¶ 9. Monsanto did not accept these positions, and instead, served the City with a slightly revised, albeit similarly broad Amended Notice of Rule 30(b)(6) Deposition ("Amended Notice") on May 21, 2021. *Id.* ¶ 13, Ex. G. The Amended Notice now spans 22 pages, covers

PLAINTIFF'S MOTION FOR PROTECTIVE
ORDER (2:16-cv-00107-RSL) - 2

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

141 topics (including subparts), and seeks to compel an "estimate[d] . . . 6-7 full days" of the City's corporate testimony. *Id.* Ex. G at 1. Monsanto confirmed that the parties have reached an impasse. *Id.* ¶ 14, Ex. H.

## III.   LEGAL STANDARD

Fed. R. Civ. P. 26 governs the permissible scope of discovery. Rule 26 sets forth the threshold requirement that information sought to be discovered must appear "relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). In determining proportionality, courts consider factors such as "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.* Even if a discovery request seeks relevant and proportional information, discovery may nevertheless be prohibited under Rule 26(c) upon a showing of "annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). The Court is authorized to "forbid[] inquiry into certain matters, or limit[] the scope of disclosure or discovery to certain matters." Fed. R. Civ. P. 26(c)(1)(D). To establish good cause for a protective order under Rule 26(c), the movant must show "'that specific prejudice or harm will result' if the protective order is not granted." *In re Roman Catholic Archbishop of Portland in Or.*, 661 F.3d 417, 424 (9th Cir. 2011) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003)).

## IV.   ARGUMENT

**A.   A durational limit of 28 hours is necessary to prevent harassment of the City on attenuated topics and to manage the overwhelming burden of the Amended Notice.**

The City seeks a protective order to limit the corporate deposition to four days (or 28 hours), given that four witnesses will testify. The City has agreed that Monsanto may use the 28

PLAINTIFF'S MOTION FOR PROTECTIVE
ORDER (2:16-cv-00107-RSL) - 3

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

hours as it wishes. A 28-hour limit together with the additional limitations discussed below is necessary because of the tremendous breadth and depth of the Amended Notice. *See* Derry Decl. Ex. G. Limiting the deposition's duration will require Monsanto to prioritize key topics while protecting City witnesses from unnecessarily detailed queries on matters that are not relevant to this case, such as contaminants other than PCBs and water bodies other than the Lower Duwamish, or on complex issues addressed comprehensively in produced City documents.[1]

Depositions are limited to "one day of 7 hours." Fed. R. Civ. P. 30(d)(1). "For purposes of this durational limit, the deposition of each person designated under Rule 30(b)(6) should be considered a separate deposition." Fed. R. Civ. P. 30(d) advisory committee's note to 2000 amendment; *see also Reynolds Metals Co. v. Alcan, Inc.*, No. C04-0175L, 2005 WL 8172239, at *1 (W.D. Wash. Mar. 30, 2005).

Monsanto articulates no justifiable basis to deviate from the default rule of seven hours per witness, relying only on the acknowledged "breadth" of its deposition topics, and vague "experience in other cases." Derry Decl. ¶ 9, Ex. E. Separately, Monsanto also admits that it intends to use corporate deposition time to ask the City's designees information in their *personal* capacity. *Id.* ¶ 4f (describing April 30, 2021 meet and confer). Monsanto thus appears to have served an admittedly broad deposition notice designed, at least in part, as an end run around Fed. R. Civ. P. 30(a)(2)(A)'s 10-deposition limit.[2]

The City should not be burdened with a deposition longer than four days simply because Monsanto elected to issue an overbroad notice. Time limits such as the one requested here are an

---

[1] The City's document production has been thorough and extensive. Derry Decl. ¶ 15.

[2] As of this filing, Monsanto has taken fact depositions of five City witnesses, and it has exhausted its seven hours of deposition time with four of these witnesses. Derry Decl. ¶ 16. The City may designate one or more of these prior fact witnesses as a corporate designee, and the City will object to Monsanto using more than seven hours for personal testimony from any witness.

PLAINTIFF'S MOTION FOR PROTECTIVE
ORDER (2:16-cv-00107-RSL) - 4

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

appropriate remedy for such tactics. *See, e.g.*, *Nwauzor v. Geo Grp., Inc.*, No. C17-5769RJB, 2019 WL 6033594, at *5 (W.D. Wash. Nov. 14, 2019) (limiting each deposition to three and one-half hours "[d]ue to the potential for the depositions being unduly burdensome, unreasonably cumulative and duplicative[.]"); *Acton v. Target Corp.*, No. C08-1149RAJ, 2009 WL 5214419, at *4 (W.D. Wash. Dec. 22, 2009) (allowing plaintiff to proceed on an "enormously overbroad" 30(b)(6) notice, but only for one deponent and seven hours).

**B.    The Duwamish River and geographic scope of the topics must reflect the boundaries of the at-issue contamination and the limits of the case.**

**1.    The definition of "Duwamish River" must be both precise and reasonable.**

Monsanto's expansive definition of the "Duwamish River" bears no relationship to the limited geographic scope of the City's claims. It includes "draining areas," which conceivably includes the entire 440-square-mile watershed and goes well beyond the City's boundary, extending into dozens of other municipalities:

> [T]he Lower Duwamish CERCLA site, including the Early Action Areas ("EAAs"), the CONVEYANCE SYSTEM associated with the Lower Duwamish CERCLA site, *upland areas* of the Lower Duwamish CERCLA site that the City owned or operated at any time from 1935 to the present where PCBs have been detected in any environmental matrix (e.g. Slip 4, Terminal 117, Georgetown Steam Plant, North Boeing Field) *and the draining areas associated with the Lower Duwamish CERCLA Site*.

Derry Decl. Ex. G at 4 (emphasis added); ¶ 17, Ex. I (watershed map).

Compounding the problem, most topics throughout the Amended Notice, including Monsanto's definition of "Conveyance System," rely on the broad definition of "Duwamish River."[3] The City cannot reasonably prepare a witness to testify to hundreds of square miles on

---

[3] *See* Derry Decl. Ex. G (Topics 1a-l, 1p, 2-6, 8, 9a-f, 11, 18, 20-21, 23-24, 26-27, 31-32, 34a-d, 34f-h, 34n, 35, 37, 42-43, 45, 45a-b, 45d, 47-51, 53-57, 59-60, 62-72).

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

each topic in the Amended Notice using these overbroad terms. As a compromise, the City

proposed the following definition:

> "Duwamish River" shall mean and refer to the Lower Duwamish CERCLA site, including the Early Action Areas ("EAAs"), the Conveyance System associated with the Lower Duwamish CERCLA site, *upland areas within one mile of the Lower Duwamish CERCLA site* that the City owned or operated at any time from 1935 to the present, where PCBs have been detected in any environmental matrix or the Conveyance System.

*Id.* Ex. F at 2 (emphasis added). The City's definition of the Duwamish River is consistent with

the geographic scope of a Request for Information issued by the U.S. Environmental Protection

Agency ("EPA") to the City. EPA's request focused on an area bounded by SW Spokane Street

to the north, South 112th Street to the south, and *extending one mile east and one mile west of

the banks of the Lower Duwamish river*. *See id.* ¶ 18, Ex. J (EPA's request); Ex. K (depicting

boundary). A one-mile boundary on each side of the CERCLA site provides a precise definition

that will allow the City to prepare its witnesses. The Court should limit Monsanto's topics to the

City's reasonable definition of Duwamish River.

### 2. The geographic scope of other topics should be limited to areas of the city within the "Duwamish River."

Monsanto also overreaches by seeking testimony on locations and activities unconnected

to the waterway at issue. *See id.* Ex. G (Topics 6-7, 13, 15, 18, 21, 29-30, 34, 34e-f, 34h-m, 34o-

p, 36, 45e-g, 46, 58). For example, Topic 36 requests testimony on "All current or former CITY-

owned landfills and properties where PCBs and/or PCB-CONTAINING PRODUCTS were

disposed from 1935 to the present[.]" *Id.* at p. 16. The City had many landfills in prior decades.

These historic landfills are far removed from the Lower Duwamish, including for example, at the

Washington Park Arboretum, the Genesee Playfield in the Rainier Valley, and Haller Lake on

North Aurora. Declaration of Laura Wishik in Support of Motion for Protective Order ("Wishik

PLAINTIFF'S MOTION FOR PROTECTIVE
ORDER (2:16-cv-00107-RSL) - 6

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

Decl.") ¶ 2. Whether or not PCBs were disposed in these landfills has no relevance to this case. It is unduly burdensome and disproportionate to require the City to research this history at distant locations and then educate a corporate deponent to respond to this topic as currently drafted.

Another example illustrates Monsanto's overly broad topics and the City's elegant proposed solution. On May 3, 2019, this Court dismissed Monsanto's counterclaim against the City under the Clean Water Act. Dkt. # 116 at p. 16. Yet Monsanto's Topic 46 still requests comprehensive testimony about the City's Clean Water Act compliance and administration. Derry Decl. Ex. G at 18. Notwithstanding the lack of relevance to claims and issues in the case, the City has agreed to prepare and produce a witness to testify regarding its "current and historical" Clean Water Act compliance and administration within the (City's definition of) Duwamish River. Seattle is surrounded by water, and it is simply infeasible for the City to prepare a witness to testify to Seattle's Clean Water Act compliance and administration for dozens of water bodies over several decades. Wishik Decl. ¶ 3. Nor is such testimony relevant. The City thus seeks an order limiting Topics 36, 46, and the others listed above to its definition of the Duwamish River.

As district courts in this circuit recognize, geographic limits "are particularly appropriate in the context of a 30(b)(6) deposition because it would be unrealistic and unduly burdensome for [a party] to prepare witnesses to testify in detail about" topics outside relevant boundaries. *Mailhoit v. Home Depot U.S.A., Inc.*, No. CV 11-03892 DOC(SSx), 2012 WL 12884049, at *2 (C.D. Cal. Aug. 27, 2012). *Mailhoit* limited accordingly three of the plaintiff's 30(b)(6) notice categories to two specific regions within the defendant's western sales division. *Id.* at *1-2. Similarly, *Klopman-Baerselman v. Air & Liquid Systems Corp.*, No. 3:18-cv-05536-RJB, 2019 WL 3717902, at *2-3 (W.D. Wash. Aug. 7, 2019), required the plaintiff to amend its 30(b)(6)

PLAINTIFF'S MOTION FOR PROTECTIVE
ORDER (2:16-cv-00107-RSL) - 7

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

notice to correct "overbroad" topics that "have no geographical limitations related to [p]laintiff's claims or the stores in Camas and Vancouver." The Court should limit these topics to the City's definition of the Duwamish River.

**C.     The 30(b)(6) notice should focus on PCBs, not the thousands of "hazardous substances" and "contaminants" Monsanto includes in its definitions.**

PCBs are the only contaminant at issue. Monsanto's Topics 7, 8, 51, 54-55, and 59[4] (requesting testimony including the City's "use," "records and inventories," "knowledge of discharges" and "levels" of both "CONTAMINANTS" and "hazardous substances" over more than eight decades) should be limited to PCBs. The City cannot prepare a witness to testify regarding every "contaminant" or "hazardous substance," which Monsanto defines with reference to regulations that identify literally *thousands* of hazardous substances.[5] The City would not know what information a witness should have or even where to look for the information. Wishik Decl. ¶ 4. Moreover, Monsanto has utterly failed to explain its need for a City witness to become a verbal encyclopedia of every contaminant ever detected in the Lower Duwamish over the last century.

"Because 'Rule 30(b)(6) places substantial responsibilities and burdens on the responding corporate party,' for the Rule 'to effectively function, the requesting party must take care to designate, with painstaking specificity, the particular subject areas that are intended to be questioned, and that are relevant to the issues in dispute.'" *See United States v. HVI Cat Canyon,*

---

[4] The City has agreed to testify on the substances specifically identified in Topic 59, i.e., ammonia and nitrogen. Derry Decl. Ex. F.

[5] *See generally List of Lists: Consolidated List of Chemicals Subject to the Emergency Planning and Community Right-To-Know Act (EPCRA), Comprehensive Environmental Response, Compensation and Liability Act (CERCLA) and Section 112(r) of the Clean Air Act,* U.S. Envtl. Protection Agency (Aug. 2020), https://www.epa.gov/sites/production/files/2015-03/documents/list_of_lists.pdf (listing hazardous substances identified under federal laws).

PLAINTIFF'S MOTION FOR PROTECTIVE
ORDER (2:16-cv-00107-RSL) - 8

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

*Inc.*, No. CV 11-5097 FMO (SSx), 2016 WL 11683593, at *7 (C.D. Cal. Oct. 26, 2016). A protective order limiting the topics to the contaminant at issue would also be appropriate under *Corker v. Costco Wholesale Corp.*, No. C19-0290RSL, 2020 WL 7188057, at *2 (W.D. Wash. Dec. 7, 2020), which found that a "topic as broad as 'advertising and marketing of coffee with a Kona label,' without limitation or clarification, would leave Costco to guess what information plaintiffs seek and potentially result in a good faith, but misguided, effort to prepare the witness." This Court therefore granted in part the motion for protective order and limited the deposition in *Corker* to only those examples that were "specifically identified" in the notice. *Id.* Because the City cannot begin to prepare its witnesses to testify broadly on "CONTAMINANTS" and "hazardous substances" under the notice as drafted, and Monsanto has been unable or unwilling to articulate any narrower list that might be feasibly addressed, the Court should limit the topics to PCBs, which is the only contaminant on which the City pursues claims against Monsanto.

Similarly, Topic 74 seeks testimony regarding "personal protective equipment required by the City to be worn at or in any of its facilities . . . regarding the alleged hazards associated with the presence on or in any such facility." Derry Decl. Ex. G at 22. Because neither the terms "facilities" nor "hazards" are defined, this request seems to encompass PPE worn by workers in many City departments, such as Parks, Police, Fire and more, who potentially encounter any kind of chemical or health hazard (including COVID) in any situation. Wishik Decl. ¶ 5. The Court should thus limit this topic to PCB-related personal protective equipment to eliminate this burden and meaningfully focus the deposition preparation on the relevant contaminant. *See Polygon Nw. Co. v. Steadfast Ins. Co.*, No. C08-1294RSL, 2009 WL 1437565, at *2 (W.D. Wash. May 22, 2009) (limiting request to "balance the relevance of the information against the burdensomeness of producing it").

PLAINTIFF'S MOTION FOR PROTECTIVE
ORDER (2:16-cv-00107-RSL) - 9

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

**D.      General testimony should be permitted in response to questions about extensive data and time periods.**

Many of Monsanto's topics (3, 34c, 34e, 34g, 34i-k, 34n-p, 35, 37, 42, 45, 45g, 51, and 53) request both detailed and comprehensive testimony, such as every stormwater drainage system "repair" since 1935. Topic 34 and its subparts request data on every conceivable aspect of the City's programs and practices for handling and disposing solid waste, liquid waste, wastewater, and waste generated by it and commercial or industrial entities, over the last 85 years. Derry Decl. Ex. G at 8-9. Topic after topic seeks both comprehensive yet detailed information on almost every City program over the last 85 years. The individual and collective burden of the Amended Notice's topics are untethered to the single contaminant and waterway at issue. *See id.* Ex. G.

The City believes it can prepare a witness to testify at a general level on these subjects but preparing a witness to testify in detail would be unduly burdensome, if not impossible. *See HVI Cat Canyon*, 2016 WL 11683593, at *10 (court "strongly advise[d]" plaintiff "to consider the amount of time available for questioning and the extent of detail a well-prepared witness can realistically be expected to provide," recognizing that "[t]he breadth of the [t]opics in [p]laintiff's 30(b)(6) [n]otice, considered collectively, would make witness preparation a nearly impossible task"). The City seeks a protective order that its witnesses may testify generally on these topics.

**E.      Topic-specific limitations or other alternatives are appropriate for unique topics addressing complex or publicly available information.**

**1.      Documents are a better source of information on Topic 29.**

Topic 29 seeks testimony on the "Inventory of buildings, structures, and facilities, within the City's boundaries where transformers and capacitors containing PCBs or PCB CONTAINING PRODUCTS were present." Derry Decl. Ex. G at 13. The City does not maintain

PLAINTIFF'S MOTION FOR PROTECTIVE
ORDER (2:16-cv-00107-RSL) - 10

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

an inventory of buildings, structures, and facilities where transformers and capacitors containing PCBs were present, but it has offered to create and provide to Monsanto a list of City transformers and capacitors located in the Duwamish River (as defined by the City). *Id.* ¶ 11; Wishik Decl. ¶ 6. The City is also willing to prepare a witness to testify generally about the compilation of the data Monsanto requests. Derry Decl. ¶ 11. In addition, the City has already produced multiple lists of buildings, structures, and facilities where the City suspects PCB-containing products are present, and likewise agreed to provide a witness to testify generally about the compilation of that information. *Id.*

Although deposition topics are not per se improper if they duplicate other discovery, courts recognize that in the context of a 30(b)(6) deposition, "when the proposed deposition topics are complex and highly technical, or involve legal issues that require the assistance of an attorney, the interrogatory is the preferred device." *HVI Cat Canyon*, 2016 WL 11683593, at *7; *Corker v. Costco Wholesale Corp.*, No. C19-0290RSL, 2021 WL 84471, at *3 (W.D. Wash. Jan. 11, 2021) (recognizing that "a corporate representative could not reasonably be expected to master" certain "written productions cover[ing] complex or highly technical data" in preparation for a deposition).

In light of the available documents to address this complex topic, the burden of oral testimony is not proportional to Monsanto's needs. The Court should limit the topic to testimony regarding the compilation of the responsive data. *See Tilton v. McGraw-Hill Cos.*, No. C06-0098RSL, 2007 WL 81873, at *4 (W.D. Wash. Jan. 5, 2007) (interrogatory response adequate substitution for topic).

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

**2.     Documents are a better source of information on part of Topic 32.**

Monsanto's Topic 32 in part seeks testimony on "The CITY's acquisition and/or annexation of the lands comprising the DUWAMISH RIVER commencing in 1895[.]" Derry Decl. Ex. G at 14. In response, the City pointed Monsanto to a public database containing information about the City's annexations of Duwamish River lands, and it identified responsive documents it has already produced that list property acquired by the City within one mile of the Lower Duwamish. Derry Decl. ¶ 12. The City believes these subjects are sufficiently addressed through those materials. Given the extensive preparation required on other topics, requiring the City to conduct additional historical research or to memorize existing public information would be unduly burdensome. *See Klopman-Baerselman v. Air & Liquid Sys. Corp.*, No. 3:18-cv-05536-RJB, 2019 WL 5227332, at *3 (W.D. Wash. Oct. 16, 2019) (ordering production of written materials as substitute for testimony in response to overbroad, burdensome topic).

**3.     Topic 38 should be limited to current memberships.**

Topic 38 seeks testimony on the City's memberships in any municipal or commercial bodies, dating back to 1935. Derry Decl. Ex. G at 16. Given the number of City departments, each with its own list of memberships, the turnover of staff and the lack of records, it would be extremely time consuming and burdensome to identify all such memberships over 85 years. Wishik Decl. ¶ 7. The City has agreed to prepare a witness to testify regarding the City's current memberships, and it requests the Court limit this topic accordingly.

## V.     CONCLUSION

For the foregoing reasons, the Court should GRANT Plaintiff's Motion for Protective Order with Respect to Monsanto's Fed. R. Civ. P. 30(b)(6) Deposition Notice. A proposed order is submitted herewith.

PLAINTIFF'S MOTION FOR PROTECTIVE
ORDER (2:16-cv-00107-RSL) - 12

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1  Dated this 27th day of May 2021.

2                                   KELLER ROHRBACK L.L.P.

3                                   By: *s/ Michael D. Woerner*
                                     By: *s/ Amy Williams-Derry*
4                                    By: *s/ Rachel E. Morowitz*
                                     By: *s/ Adele A. Daniel*
5                                        Michael D. Woerner, WSBA #15452
6                                        Amy Williams-Derry, WSBA #28711
                                         Rachel E. Morowitz, WSBA #53371
7                                        Adele A. Daniel, WSBA #53315
                                         1201 Third Avenue, Suite 3200
8                                        Seattle, WA 98101
                                         Tel.: (206) 623-1900
9                                        Fax: (206) 623-3384
                                         Email: mwoerner@kellerrohrback.com
10                                       Email: awilliams-derry@kellerrohrback.com
                                         Email: rmorowitz@kellerrohrback.com
11                                       Email: adaniel@kellerrohrback.com

12                                   OFFICE OF THE CITY ATTORNEY

13                                   By: *s/ Peter S. Holmes*
                                     By: *s/ Laura B. Wishik*
14                                       Peter S. Holmes, WSBA #15787
                                         Laura B. Wishik, WSBA #16682
15                                       701 Fifth Avenue, Suite 2010
                                         Seattle, WA 98104-7097
16                                       Tel.: (206) 684-8200
                                         Email: Laura.Wishik@seattle.gov
17

18                                   *Attorneys for Plaintiff City of Seattle*

19

20

21

22

23

24

25

26

PLAINTIFF'S MOTION FOR PROTECTIVE
ORDER (2:16-cv-00107-RSL) - 13

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384