1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CITY OF SEATTLE,

Plaintiff,

v.

MONSANTO COMPANY, et al.,

Defendants.

No. 2:16-cv-00107-RAJ

**PLAINTIFF'S MOTION TO EXCLUDE
PROPOSED EXPERT TESTIMONY BY
JOHN WOODYARD**

NOTE ON MOTION CALENDAR:
August 26, 2022

ORAL ARGUMENT REQUESTED

PL. MOTION EXCLUDE EXPERT
TESTIMONY BY J. WOODYARD
(2:16-cv-00107-RAJ)

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

STOLL STOLL BERNE LOKTING
& SHLACHER P.C.
209 SW Oak Street, Suite 500
Portland, OR 97204
Telephone: (503) 227-1600

## TABLE OF CONTENTS

I.    BACKGROUND.................................................................................................1

    A.    The City's case against Monsanto defendants .....................................1

    B.    John Woodyard's report......................................................................2

II.   LEGAL STANDARD FOR THE ADMISSIBILITY OF EXPERT
    TESTIMONY.................................................................................................3

III.  ARGUMENT ..................................................................................................4

    A.    Woodyard's opinions one and two summarize irrelevant evidence ....................4

    B.    Woodyard's opinions three and four should be excluded because
         they are not relevant to the City's public nuisance claim or
         Defendants' defenses ........................................................................6

    C.    Woodyard's opinion 4 is based in fiction .............................................6

    D.    Woodyard's opinions on the source of byproduct PCBs are not
         based "on sufficient facts or data" and are not "the product of
         reliable principles and methods." .......................................................7

    E.    Woodyard is not qualified to rebut Dr. Lisa Rodenburg.....................9

IV.   CONCLUSION ..............................................................................................11

PL. MOTION EXCLUDE EXPERT
TESTIMONY BY J. WOODYARD
(2:16-cv-00107-RAJ) - i

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

**STOLL STOLL BERNE LOKTING
& SHLACHER P.C.**
209 SW Oak Street, Suite 500
Portland, OR 97204
Telephone: (503) 227-1600

1

## <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

**Cases**

4

*Bell v. Boeing Co.*,
5
    No. 20-CV-01716-LK, 2022 WL 1206728 (W.D. Wash. Apr. 22, 2022) ........................6, 7

6

*City of Pomona v. SQM N. Am. Corp.*,
    750 F.3d 1036 (9th Cir. 2014) ....................................................................................4
7

8

*Daubert v. Merrell Dow Pharms., Inc.*,
    43 F.3d 1311 (9th Cir. 1995) ......................................................................................5

9

*Daubert v. Merrell Dow Pharms., Inc.*,
10
    509 U.S. 579 (1993) ....................................................................................3, 4, 5, 6

11

*General Elec. Co. v. Joiner*,
    522 U.S. 136 (1997) ................................................................................................7, 9
12

13

*Johnson v. Kelly*,
    C16-0635JLR, 2017 WL 1838140 (W.D. Wash. May 8, 2017)................................8, 9

14

*Kumar v. Williams Portfolio 7, Inc.*,
15
    No. C14-657RAJ, 2015 WL 4494126 (W.D. Wash. July 23, 2015) ......................4

16

*Liberty Life Ins. Co. v. Myers*,
    No. CV 10-2024-PHX-JAT, 2013 WL 524587 (D. Ariz. Feb. 11, 2013)................5
17

18

*Liebhart v. SPX Corp.*,
    917 F.3d 952 (7th Cir. 2019) ....................................................................................3

19

*Moses v. Payne*,
20
    555 F.3d 742 (9th Cir. 2009) ....................................................................................4

21

*Pooshs v. Phillip Morris USA, Inc.*,
    287 F.R.D. 543 (2012).............................................................................................4, 5
22

23

*United States v. Flores*,
    901 F.3d 1150 (9th Cir. 2018) ..................................................................................3

24

*Walker v. Contra Costa Cnty.*,
25
    No. C03-3723 TEH, 2006 WL 3371438 (N.D. Cal. Nov. 21, 2006)......................4

26

PL. MOTION EXCLUDE EXPERT
TESTIMONY BY J. WOODYARD
(2:16-cv-00107-RAJ) - ii

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

**STOLL STOLL BERNE LOKTING
& SHLACHER P.C.**
209 SW Oak Street, Suite 500
Portland, OR 97204
Telephone: (503) 227-1600

*Whisnant v. United States*,
   No. C03-5121, 2006 WL 2861112 (W.D. Wash. Oct. 5, 2006) .............................................7

**Rules**

Fed. R. Evid. 702 .............................................................................................................1, 3

Fed. R. Evid. 702(a) .........................................................................................................4, 5

PL. MOTION EXCLUDE EXPERT
TESTIMONY BY J. WOODYARD
(2:16-cv-00107-RAJ) - iii

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

**STOLL STOLL BERNE LOKTING
& SHLACHER P.C.**
209 SW Oak Street, Suite 500
Portland, OR 97204
Telephone: (503) 227-1600

Under Federal Rule of Evidence 702, Plaintiff City of Seattle moves to exclude the testimony of Defendants' expert John Woodyard. This Motion is supported by the Omnibus Declaration of Michael Woerner in Support of Plaintiff's Motions to Exclude Proposed Expert Testimony, filed concurrently. The parties met and conferred to discuss this motion but could not reach agreement.[1]

## I. BACKGROUND

**A.    The City's case against Monsanto defendants**

The City sued the Monsanto defendants for a public nuisance[2] created by Monsanto's PCB (polychlorinated biphenyl) chemicals that are contaminating the Lower Duwamish Waterway (LDW), the LDW drainage area, and the City's stormwater conveyance system.[3] The Washington State Department of Health (DOH) has determined that, due to PCB contamination, it is unsafe for people to eat *any* amount of fish or shellfish that reside in the LDW.[4] Likewise, the Environmental Protection Agency (EPA) identified PCBs in resident seafood as a risk to human health, and as presenting the greatest risk out of all contaminants in the LDW to people who consume resident fish and crabs.[5] Monsanto's PCBs have impaired the public's free use and comfortable enjoyment of the Lower Duwamish Waterway, including the ability to harvest and safely consume resident seafood, and have caused people to have a reasonable fear of doing so—that impairment is the public nuisance asserted here.[6]

---

[1] Omnibus Decl. of Michael Woerner in Supp. Of Pl.'s Mot. To Exclude Proposed Expert Test. ("Omnibus Decl.") ¶ 8.

[2] The City has dropped its negligence claim. *See* Minute Order Granting Stipulated Mot. for Leave to Dismiss Negligence Claim and Amend Compl., Dkt. # 265.

[3] *See* Pl.'s Second Am. Compl., Dkt. # 267.

[4] Omnibus Decl., Ex. A, *Lower Duwamish Waterway Site: Updated Fish Consumption Advisory*, Wash. State Dep't of Health, at 9 (Sept. 7, 2005).

[5] S*ee* Omnibus Decl., Ex. B, Excerpts from *ROD*; Omnibus Decl., Ex. C, *EPA issues final Explanation of Significant Differences for cPAHs in the Lower Duwamish Waterway Superfund Site*, U.S. EPA, at 2 (Oct. 2021).

[6] *Id*; *see also* Omnibus Decl., Ex. A.

PL. MOTION EXCLUDE EXPERT
TESTIMONY BY J. WOODYARD
(2:16-cv-00107-RAJ) - 1

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

**STOLL STOLL BERNE LOKTING
& SHLACHER P.C.**
209 SW Oak Street, Suite 500
Portland, OR 97204
Telephone: (503) 227-1600

EPA has designated the LDW as a Superfund Site.[7] In 2014, EPA issued its Record of Decision (ROD) describing the remedial actions that must be implemented for the LDW. EPA determined that the remedial actions described in its ROD are necessary in order for people to be able to consume fish and shellfish that reside in the LDW.[8] EPA estimated the cost to implement the selected remedial actions, in 2010 dollars, as $342 million.[9]

Monsanto was the sole producer of PCBs in the United States from the 1930s until they were banned by Congress in 1977.[10] The City alleges that Monsanto knew that its PCBs would get into the environment, including waterbodies (like the LDW), through their ordinary use.[11] Monsanto's knowledge was based, in part, on Monsanto's sales of PCBs to businesses near the LDW and Monsanto's use of PCBs at its own vanillin plant that operated for two decades adjacent to the LDW.[12]

**B.   John Woodyard's report**

Monsanto identified 15 expert witnesses who served 14 expert witness reports (two of Monsanto's experts co-wrote one report).  It later identified four new experts as purely rebuttal.  Thus, Monsanto has identified 19 experts.

This motion is directed at John Woodyard, an engineer "specializing in environmental cleanup."  Woodyard is licensed in California and Colorado but not Washington.[13]  He has no published journal articles on PCBs[14] and no peer-reviewed journal articles on PCBs.[15]

---

[7] *Lower Duwamish Waterway, Background*, U.S. EPA, https://cumulis.epa.gov/supercpad/SiteProfiles/index.cfm?fuseaction=second.cleanup&id=1002020 (last visited Aug. 4, 2022).

[8] Omnibus Decl., Ex. B, Excerpts from *ROD* at 134-5.

[9] *Id.* at 133-34.

[10] *See* Pl.'s Second Am. Compl. ¶38, Dkt. # 267.

[11] *Id.* at ¶¶ 61-79.

[12] *See, e.g.*, Omnibus Decl., Ex. D, Kaley 30(b)(6) Dep. 179:1-15, 180:15-181:24, 206:19-208:6; Omnibus Decl., Ex. E, Internal Monsanto Mem. from D.B. Edwards re Duwamish River Study of Bottom Sedimentation by Metro (Feb. 28, 1978); Omnibus Decl., Ex. F, Letter from E. Liu, Rhone-Poulenc, to J. Beck, AETS (Feb. 27, 1996); Omnibus Decl., Ex. G, Seattle Sales Summaries Analysis (1958-1977).

[13] Decl. of Michael Woerner in Supp. of Pl.'s Mot. to Exclude Proposed Expert Test. by John Woodyard ("Woerner Decl."), Ex. A, Deposition Transcript of John Woodyard, dated 04/25/22, at 44:23-45:2.

[14] *Id.* at 55:6-55:23.

[15] *Id.* at 55:24-56:2.

PL. MOTION EXCLUDE EXPERT
TESTIMONY BY J. WOODYARD
(2:16-cv-00107-RAJ) - 2

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

**STOLL STOLL BERNE LOKTING
& SHLACHER P.C.**
209 SW Oak Street, Suite 500
Portland, OR 97204
Telephone: (503) 227-1600

Woodyard has been referred to as the "PCB detective,"[16] but in doing his forensic work in this case he did not gather his own samples[17]; did not rely on the data and analysis performed by the EPA in its ROD[18]; did not look at what was the most widespread contaminant in the LDW (i.e., PCBs)[19]; did not examine any of the data pertaining to human health risk associated with PCBs in the LDW[20]; and did not review all the available records of Monsanto's direct sales of PCBs to businesses along the LDW.[21] For his rebuttal report, he had "no problem" with the data used by City expert Dr. Lisa Rodenburg.[22]  His opinions in another PCB case have been excluded (see *Liebhart v. SPX Corp.*, 917 F.3d 952, 962 (7th Cir. 2019)).

In this case, Woodyard offers four irrelevant and unhelpful opinions on PCB regulations and two opinions on the presence of byproduct PCBs in the LDW that are unreliable and conclusory.  He also offers a rebuttal report to City expert Dr. Lisa Rodenburg pertaining to the presence of byproduct PCBs in the LDW for which he is unqualified, which offers no alternative analysis, and for which Monsanto has two other experts.

## II.  LEGAL STANDARD FOR THE ADMISSIBILITY OF EXPERT TESTIMONY

Under Federal Rule of Evidence 702, "a witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify" if:

(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702.

In the case of jury trials, "*Daubert* is meant to protect *juries* from being swayed by dubious scientific testimony." *United States v. Flores*, 901 F.3d 1150, 1165 (9th Cir. 2018).

---

[16] *Id.* at 16:1-5.
[17] *Id.* at 17:1-18:2; 82:14-23.
[18] *Id.* at 40:4-25.
[19] *Id.* at 41:7-42:2.
[20] *Id.* at 42:3-43:19.
[21] *Id.* at 105:25-110:11.
[22] *Id.* at 139:1-7.

PL. MOTION EXCLUDE EXPERT
TESTIMONY BY J. WOODYARD
(2:16-cv-00107-RAJ) - 3

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

**STOLL STOLL BERNE LOKTING
& SHLACHER P.C.**
209 SW Oak Street, Suite 500
Portland, OR 97204
Telephone: (503) 227-1600

"In evaluating proffered expert testimony, the trial court is a gatekeeper, not a fact finder." *City of Pomona v. SQM N. Am. Corp.*, 750 F.3d 1036, 1043 (9th Cir. 2014) (quotation omitted). The court should therefore close the gate to unreliable opinions. *Id.* at 1044. "The court has discretion to make the *Daubert* determination via any procedure that gives it an adequate record." *Kumar v. Williams Portfolio 7, Inc.*, No. C14-657RAJ, 2015 WL 4494126, at \*2 (W.D. Wash. July 23, 2015) (citation omitted).

## III.  ARGUMENT

### A.    Woodyard's opinions one and two summarize irrelevant evidence

Under Federal Rule of Evidence 702(a), expert testimony is admissible if it is based on "scientific, technical, or other specialized knowledge" that "will help the trier of fact [ ] understand the evidence or [ ] determine a fact in issue." Fed. R. Evid. 702(a). "[E]xpert testimony is helpful to the jury if it concerns matters beyond the common knowledge of the average layperson and is not misleading." *Moses v. Payne*, 555 F.3d 742, 756 (9th Cir. 2009)

Thus, an expert opinion must "flow from specialized expertise beyond the ken of the average juror[.]" *Walker v. Contra Costa Cnty.*, No. C03-3723 TEH, 2006 WL 3371438, at \*5 (N.D. Cal. Nov. 21, 2006). Where an expert presents a simple summary of documents with no specialized expertise or experience in evaluating such documents, courts have excluded those opinions. For example, in *Pooshs*, the court excluded an expert who summarized documents because she was "not qualified as an expert in researching document archives." *Pooshs v. Phillip Morris USA, Inc*., 287 F.R.D. 543, 547–48 (2012) (adding that the expert "holds no degree in history or social science, has not studied or received a degree in library science, and has never received formal training under a formal curriculum on archival database research").

Woodyard's first "opinion" is that "EPA and other regulatory bodies have controlled every aspect of manufacture, sale, use, safe handling, cleanup, and disposal of PCBs since 1979."[23] His second "opinion" is that "EPA and other regulatory bodies have established PCB

---

[23] Woerner Decl., Ex. B, Expert Report of John P. Woodyard, PE, at 2.

PL. MOTION EXCLUDE EXPERT
TESTIMONY BY J. WOODYARD
(2:16-cv-00107-RAJ) - 4

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

STOLL STOLL BERNE LOKTING
& SHLACHER P.C.
209 SW Oak Street, Suite 500
Portland, OR 97204
Telephone: (503) 227-1600

levels they deem safe for products in use, in food, and in the environment."[24] To form these opinions, Woodyard merely compiles irrelevant governmental regulations. Woodyard is not a lawyer and has never been employed by EPA, OSHA or any government regulatory agency.[25] Like the witness in *Pooshs*, he has no special expertise that lends itself to this "opinion." His experience also does not provide a basis for his expert opinion because it is limited to attending public hearings (not providing testimony) and helping clients respond to proposed rules.[26] Thus, his testimony is not grounded in any "scientific, technical, or other specialized knowledge." At most, opinions one and two offer legal conclusions, which are not proper expert testimony. *Liberty Life Ins. Co. v. Myers*, No. CV 10-2024-PHX-JAT, 2013 WL 524587, at *8 (D. Ariz. Feb. 11, 2013) ("The Court finds Opinion 4 is nothing more than a conclusion of law and therefore fails the relevance standard of *Daubert*.")

Moreover, the general regulation of PCBs, particularly after 1979, is not relevant to the City's public nuisance claim. Under Rule 702(a), expert testimony must be relevant. Expert testimony can be "both powerful and quite misleading because of the difficulty in evaluating it," *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 595 (1993) (*Daubert* I). Thus, district courts must exclude proffered expert testimony "unless they are convinced that it speaks clearly and directly to an issue in dispute in the case, and that it will not mislead the jury." *Daubert v. Merrell Dow Pharms., Inc.*, 43 F.3d 1311, 1321 n.17 (9th Cir. 1995) (*Daubert* II). "Expert testimony which does not relate to any issue in the case is not relevant and, ergo, non-helpful." *Daubert* I, 509 U.S. at 591. Woodyard's opinion might be relevant in product liability cases for which Woodyard has also been an expert for Monsanto, but not this case. Monsanto has not shown why the general government PCB regulation that Woodyard testifies to is relevant. Thus, these opinions should be excluded under Rule 702(a).

---

[24] *Id.*

[25] Woerner Decl., Ex. A, Woodyard Dep. 10:9-11:1.

[26] *Id.* at 35:5-36:2.

PL. MOTION EXCLUDE EXPERT
TESTIMONY BY J. WOODYARD
(2:16-cv-00107-RAJ) - 5

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

STOLL STOLL BERNE LOKTING
& SHLACHER P.C.
209 SW Oak Street, Suite 500
Portland, OR 97204
Telephone: (503) 227-1600

**B.      Woodyard's opinions three and four should be excluded because they are not relevant to the City's public nuisance claim or Defendants' defenses**

As noted above, "[e]xpert testimony which does not relate to any issue in the case is not relevant and, ergo, non-helpful." *Daubert* I, 509 U.S. at 591.

Neither Opinion three nor four is relevant. Woodyard's third "opinion" is that "the City of Seattle has been engaged with EPA and other regulatory bodies over PCBs and has received and solicited advice regarding PCBs from professional associations since 1978."[27] Monsanto has not demonstrated why this evidence is relevant to the City's public nuisance claim. To the extent the opinion suggests that the City caused the nuisance or delayed its claim, the opinion is irrelevant because fault and delay are not proper defenses to a public nuisance claim. *See* Plaintiff's Motion for Partial Summary Judgment, Dkt. # 271 at 15-16. Woodyard's fourth "opinion" is that "EPA and other regulatory bodies have overseen and continue to oversee the cleanup of PCBs at sites along the LDW watershed to levels they deem safe."[28] The relevance of this opinion, like opinion three, is unclear. Woodyard's opinion cannot support a preemption argument, but even if it could, it would be irrelevant because preemption is not a defense to the City's public nuisance claim. *See* Plaintiff's Motion for Partial Summary Judgment, Dkt. # 271 at 7-10. Nor does Woodyard opine that such regulatory oversight has eliminated or otherwise altered the public nuisance of PCB contamination in the LDW.

Without any relevance to the City's public nuisance claim or Monsanto's defenses, Woodyard's third and fourth opinions are unhelpful and likely to confuse the jury.

**C.      Woodyard's opinion 4 is based in fiction**

A court need not rule on disputed facts, but testimony based in fiction or on materials the expert did not review must be excluded. *See Bell v. Boeing Co.*, No. 20-CV-01716-LK, 2022 WL 1206728, at *7 (W.D. Wash. Apr. 22, 2022). Courts evaluating expert testimony should consider whether "the expert has adequately accounted for obvious alternative explanations."

---

[27] Woerner Decl., Ex. B, Expert Report of John P. Woodyard, PE, at 2.
[28] *Id.*

PL. MOTION EXCLUDE EXPERT
TESTIMONY BY J. WOODYARD
(2:16-cv-00107-RAJ) - 6

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

STOLL STOLL BERNE LOKTING
& SHLACHER P.C.
209 SW Oak Street, Suite 500
Portland, OR 97204
Telephone: (503) 227-1600

*See Whisnant v. United States*, No. C03-5121, 2006 WL 2861112, at *2 (W.D. Wash. Oct. 5, 2006).

Part of Woodyard's fourth opinion is that the City is responsible for PCB discharges to the "Slip 4" area of the LDW.[29]  But the other possible source of PCBs to Slip 4 was Boeing. Woodyard rejected Boeing as the source of PCBs in Slip 4 because he believed that Boeing did not use the particular type of PCBs found in the Slip 4 sediments.  During his deposition, Woodyard testified that he believed Boeing did not use that type of PCBs because Boeing did not purchase those types of PCBs in the sales records he reviewed. But Woodyard only reviewed sales records to Boeing from two years: 1959 and 1960.[30] He did not ask whether the sales records he looked at were complete or look for other records.[31]

As evidence Monsanto has produced in this case reveals, Monsanto made over a hundred more PCBs sales to Boeing in the 1960s, including direct sales of the types of PCBs found the in Slip 4.[32] Woodyard had no excuse—scientific or otherwise—for excluding evidence of those other sales.[33] Accordingly, his conclusion that those sales did not occur is not based on sufficient data and will mislead the jury. Testimony "based on a fiction" must be excluded. *Bell*, 2022 WL 1206728, at *7.

**D.   Woodyard's opinions on the source of byproduct PCBs are not based "on sufficient facts or data" and are not "the product of reliable principles and methods."**

Woodyard offers two opinions on the presence of byproduct (non-Monsanto) PCBs in the LDW. His evidence supports neither proposition. Expert testimony may not be "connected to existing data only by the ipse dixit of the expert," such that there is "too great an analytical gap between the data and the opinion proffered" to support inclusion of the testimony. *General Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997). "An expert relying primarily on experience must

---

[29] *Id.*

[30] Woerner Decl., Ex. A, Woodyard Dep. 106:23-107:4.

[31] *Id.* at 08:5-10.

[32] Woerner Decl., Exs. C and D, Kaley Deposition Exs. 12 and 241.

[33] Woerner Decl., Ex. E, Boeing Seattle Sales Summary Analysis.

PL. MOTION EXCLUDE EXPERT
TESTIMONY BY J. WOODYARD
(2:16-cv-00107-RAJ) - 7

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

**STOLL STOLL BERNE LOKTING
& SHLACHER P.C.**
209 SW Oak Street, Suite 500
Portland, OR 97204
Telephone: (503) 227-1600

nonetheless 'explain how that experience leads to the conclusion reached, why that experience is a sufficient basis for the opinion, and how that experience is reliably applied to the facts.'" *Johnson v. Kelly,* C16-0635JLR, 2017 WL 1838140, at *10 (W.D. Wash. May 8, 2017) (quoting Fed. R. Evid. 702 advisory committee's note to 2000 amendments).

In opinion five, Woodyard argues that "the PCBs that reached the LDW include byproduct PCBs that continue to be discharged to the LDW."[34] This opinion is based on insufficient data. Woodyard did not analyze samples of LDW PCBs and determine that they were byproduct PCBs. He does not cite evidence demonstrating that by-product PCBs are reaching the LDW. He has no evidence to suggest that byproduct PCBs "are continually being discharged by numerous sources, including the City of Seattle."[35] At most, Woodyard's citations support the proposition that by-product PCBs exist and are, in general, becoming more common.[36] But it is too great a leap to conclude from those propositions that byproduct PCBs are "becoming the *predominant* PCB found in the environment," much less in the LDW.[37] Woodyard should not be permitted to testify to the jury that the City is "continually" discharging byproduct PCBs into the LDW, when none of his evidence comes close to backing up that proposition.

Opinion six says that there is "no evidence that PCBs in building products are a significant source of PCBs in the environment or the LDW."[38] Once again, Woodyard leaps too far from the evidence to his conclusion. Woodyard bases this conclusion in part on his belief that (a) the release of PCBs from caulk is slow; (b) caulk with PCBs today is beyond its useful life; and (c) PCBs leach from paint chips more slowly than they do from soil. These assertions do not mean that these products are not responsible for PCB contamination in the LDW. It is not clear what would qualify as a "significant source," but it is clear that Woodyard did not analyze

---

[34] Woerner Decl., Ex. B, Expert Report of John P. Woodyard, PE, at 2.

[35] *Id.* at 65.

[36] *Id.* at 67.

[37] *Id.* (emphasis added).

[38] *Id.*at 2-3.

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

**STOLL STOLL BERNE LOKTING
& SHLACHER P.C.**
209 SW Oak Street, Suite 500
Portland, OR 97204
Telephone: (503) 227-1600

PCBs in the LDW to determine their source(s).[39]  Woodyard also cites several studies that did

find PCBs in buildings in the LDW.[40]  Of course, these studies cannot support Woodyard's

conclusion that PCBs in building products are not a significant source, even if, as Woodyard

believes, the PCBs are found in low concentrations. Woodyard should not be permitted to testify

on opinion six because its conclusions connect to its evidence only through the "ipse dixit of the

expert." *Joiner*, 522 U.S. at 146 (1997).

**E.      Woodyard is not qualified to rebut Dr. Lisa Rodenburg**

Woodyard is one of three experts Defendants offer to rebut the City's expert Dr. Lisa

Rodenburg.[41] Dr. Rodenburg is an expert on chemical fingerprinting to determine the source of

PCBs.[42] She is a Professor of Environmental Science with a BA in Chemistry and a PhD in

Environmental Engineering. *Id.* She has extensive experience measuring PCBs in environmental

samples in an academic laboratory and interpreting PCB data. *Id.* She has a long list of peer-

reviewed and oft-cited publications of her PCB-chemical-fingerprinting work.[43]  Dr. Rodenburg

opines that Monsanto's PCBs are the dominant sources of PCBs in the LDW.[44] To form that

opinion, Dr. Rodenburg applied peer-reviewed methods to analyze PCB samples available in the

Green-Duwamish watershed.[45]

Woodyard's rebuttal contends that Dr. Rodenburg "grossly underestimates" byproduct

PCBs in the LDW and purports to identify other flaws.[46] But Woodyard is not qualified to rebut

Dr. Rodenberg's opinions.[47] He does not know what chemical fingerprinting is.[48]  Woodyard

---

[39] *Id.* at 7.

[40] *Id.*at 65-80.

[41] Robert Karls and Scott Recker, who wrote a joint report, and Dr. Jennifer Wilkie are the others.

[42] Woerner Decl., Ex. F, Expert Report of Lisa A. Rodenburg, at 1.

[43] *Id.* at Exhibit A-4-A-20.

[44] *Id.*at 3.

[45] *Id.*

[46] Woerner Decl., Ex. G, Rebuttal Report by John P. Woodyard, PE of the Dr. Lisa A. Rodenburg Expert Report, dated 02/14/22 at 1,6,9.

[47] In contrast, other Monsanto experts who rebut Dr. Rodenburg (such as Karls & Recker and Wilkie) have more pertinent expertise.

[48] Woerner Decl., Ex. A, Woodyard Dep. 137:9-13.

PL. MOTION EXCLUDE EXPERT
TESTIMONY BY J. WOODYARD
(2:16-cv-00107-RAJ) - 9

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

**STOLL STOLL BERNE LOKTING
& SHLACHER P.C.**
209 SW Oak Street, Suite 500
Portland, OR 97204
Telephone: (503) 227-1600

1   has never used, much less developed, a chemical fingerprinting analysis to determine the source

2   of PCBs.[49] Woodyard has no peer-reviewed articles on PCBs, much less on evaluating their

3   chemical fingerprint.[50] Woodyard offers no competing method to determine whether PCBs are

4   Monsanto's or not.[51] Because he has no expertise in this field, he has no "scientific, technical, or

5   other specialized knowledge" to apply to his "expert" rebuttal.

6          At his deposition, Woodyard appeared to retreat from his conclusion that Dr. Rodenburg

7   had "grossly underestimated" the presence of by-product PCBs,[52] and admitted that he had not

8   attempted any alternative analysis:

9          Q.   Do you agree or disagree with Dr. Rodenburg's opinion that in the Lower
                Duwamish Waterway sediment, PCBs arise almost exclusively, greater than
10              95 percent, from Monsanto's Aroclors?
11         A.   I don't have an opinion either way.
           Q.   Do you agree or disagree with Dr. Rodenburg's opinion that the PCBs in
12              the surface water of the Lower Duwamish Waterway arise almost
                exclusively greater than 99 percent from Monsanto's Aroclors?
13         A.   I -- I don't have an opinion. I believe she was deposed and questioned on
                that issue. I don't recall her answers.
14         Q.   You don't have an opinion on that, correct?
15         A.   No, I do not.
           Q.   And you don't have an alternative number, correct?
16         A.   That's correct.[53]
           . . .
17         Q.   Do you agree or disagree with Dr. Rodenburg's opinion that in samples of
                groundwater that drains into the Lower Duwamish Waterway, Monsanto's
18              Aroclors are virtually the only sources of PCBs?
19         A.   I don't have an opinion either way.
           Q.   And you do not have an alternative percentage, correct?
20         A.   That's correct.
21         Q.   And you did not perform such an analysis, correct?
           A.   No, I did not.[54]

22
   _____
23  [49] *Id.* at 137:24-139:7.

    [50] *Id.* at 55:18 – 56:2
24  [51] *Id.* at 71:19-22, 73:5-7, 75:9-19, 76:12-77:1 and 231:15-22.
25  [52] Woerner Decl., Ex. G, Rebuttal Report by John P. Woodyard, PE of the Dr. Lisa A. Rodenburg Expert Report,
        dated 02/14/22, at 6.
    [53] Woerner Decl., Ex. A, Woodyard Dep. 147:7-23.
26  [54] *Id.* at 148:21-149:6.

PL. MOTION EXCLUDE EXPERT
TESTIMONY BY J. WOODYARD
(2:16-cv-00107-RAJ) - 10

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

STOLL STOLL BERNE LOKTING
& SHLACHER P.C.
209 SW Oak Street, Suite 500
Portland, OR 97204
Telephone: (503) 227-1600

1    In sum, Woodyard does not have the requisite experience to quantify the amount of

2    byproduct PCBs in the LDW; he did not attempt to do so; and he has no basis for rebutting Dr.

3    Rodenburg's opinion other than his bald assertion that she's wrong.  This rebuttal opinion

4    should be excluded.

5                                 **IV. CONCLUSION**

6        For the reasons above, the Court should exclude all of Woodyard's expert opinions and

7    rebuttal.

8    DATED this 11th day of August, 2022.          KELLER ROHRBACK L.L.P.

9                                          By: *s/ Lynn L. Sarko*
10                                         By: *s/ Michael D. Woerner*
                                           By: *s/ Daniel P. Mensher*
11                                         By: *s/ Alison S. Gaffney*
                                           By: *s/ Adele A. Daniel*
12                                             Lynn L. Sarko, WSBA #16569
13                                             Michael D. Woerner, WSBA #15452
                                               Daniel P. Mensher, WSBA #47719
14                                             Alison S. Gaffney, WSBA #45565
                                               Adele A. Daniel, WSBA #53315
15                                             1201 Third Avenue, Suite 3200
                                               Seattle, WA 98101
16                                             Telephone: (206) 623-1900
17                                             Email: lsarko@kellerrohrback.com
                                               Email: mwoerner@kellerrohrback.com
18                                             Email: dmensher@kellerrohrback.com
                                               Email: agaffney@kellerrohrback.com
19                                             Email: adaniel@kellerrohrback.com

20

21                                         By: *s/ Gary A. Gotto*
                                               Gary A. Gotto, Admitted *Pro Hac Vice*
22                                             KELLER ROHRBACK L.L.P.
                                               3101 North Central Avenue, Suite 1400
23                                             Phoenix, Arizona 85012
                                               Telephone (602) 248-0088
24                                             Email: ggotto@kellerrohrback.com

25

26

PL. MOTION EXCLUDE EXPERT
TESTIMONY BY J. WOODYARD
(2:16-cv-00107-RAJ) - 11

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

**STOLL STOLL BERNE LOKTING
& SHLACHER P.C.**
209 SW Oak Street, Suite 500
Portland, OR 97204
Telephone: (503) 227-1600

By: *s/ Yoona Park*
    Yoona Park, Admitted *Pro Hac Vice*
    KELLER ROHRBACK L.L.P.
    805 SW Broadway, Suite 2750
    Portland, OR 97205
    Telephone (206) 623-1900
    Email: ypark@kellerrohrback.com


By: *s/ Steve D. Larson*
By: *s/ Jennifer S. Wagner*
By: *s/ Keil M. Mueller*
By: *s/ Keith A. Ketterling*
By: *s/Elizabeth Bailey*
By: *s/Madeleine C. Homes*
    Steve D. Larson, *Pro Hac Vice*
    Jennifer S. Wagner, *Pro Hac Vice*
    Keil M. Mueller, *Pro Hac Vice*
    Keith A. Ketterling, *Pro Hac Vice*
    Elizabeth K. Bailey, *Pro Hac Vice*
    Madeleine C. Holmes, *Pro Hac Vice*
    STOLL STOLL BERNE LOKTING &
    SHLACHER P.C.
    209 SW Oak Street, Suite 500
    Portland, OR 97204
    Telephone: (503) 227-1600
    Email: slarson@stollberne.com
    Email: jwagner@stollberne.com
    Email: kmueller@stollberne.com
    Email: kketterling@stollberne.com
    Email: ebailey@stollberne.com
    Email: mholmes@stollberne.com


By: *s/ Ann Davison*
By: *s/ Laura B. Wishik*
    Ann Davison, WSBA #35776
    Laura B. Wishik, WSBA #16682
    OFFICE OF THE CITY ATTORNEY
    701 Fifth Avenue, Suite 2010
    Seattle, WA 98104-7097
    Telephone: (206) 684-8200
    Email: Ann.Davison@seattle.gov
    Email: Laura.Wishik@seattle.gov

*Attorneys for Plaintiff City of Seattle*

PL. MOTION EXCLUDE EXPERT
TESTIMONY BY J. WOODYARD
(2:16-cv-00107-RAJ) - 12

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

**STOLL STOLL BERNE LOKTING**
**& SHLACHER P.C.**
209 SW Oak Street, Suite 500
Portland, OR 97204
Telephone: (503) 227-1600