1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8    CITY OF SEATTLE,

9                              Plaintiff,        Case No. C16-107-RAJ-MLP

10           v.                                  ORDER

11   MONSANTO COMPANY, *et al.*,

12                              Defendants.

13

14               **I.    INTRODUCTION**

15           This matter is before the Court on Defendants Monsanto Company, Solutia Inc., and

16   Pharmacia Corporation's "Motion to Clarify Protective Order (dkt. # 169)" ("Defendants'

17   Motion"). (Defs.' Mot. (dkt. # 322).) Defendants' Motion requests that the Court "clarify" the

18   protective order previously entered in this matter by the Honorable Robert S. Lasnik (Prot. Or.

19   (dkt. # 169)) to allow Defendants to use any materials produced or relied upon by any expert in

20   the Lower Duwamish Waterway ("LDW") Allocation ("LDW Allocation") for impeachment

21   purposes at trial. (Defs.' Mot. at 1.) Specifically, Defendants seek leave to use Plaintiff's expert

22   Dr. Mark Velleux's opinion, previously authored for King County in the LDW Allocation, at

23   trial in this proceeding. (*Id.*)

ORDER - 1

Plaintiff and Intervenor-Plaintiff King County both submitted responses to Defendants' Motion (Pl.'s Resp. (dkt. # 349); Intervenor's Resp. (dkt. # 395)), and Defendants filed a reply (Defs.' Reply (dkt. # 424)). Plaintiff and King County subsequently filed surreplies (dkt. ## 459-60), and were granted leave to file supplemental responses to Defendants' Reply. (Pl.'s Supp. Resp. (dkt. # 487); Intervenor's Supp. Resp. (dkt. # 490).) The Court heard oral argument from the parties on September 27, 2022. (Dkt. # 496.)

Having considered the parties' submissions, oral argument, the balance of the record, and the governing law, Defendants' Motion (dkt. # 322) is DENIED, as explained further below.

## II.      BACKGROUND

In 2014, the LDW Allocation commenced as a voluntary, confidential alternative dispute resolution process to apportion liability for past and future costs to implement an Environmental Protection Agency Administrative Order and Consent Decree concerning the LDW. (Wishik Decl. (dkt. # 353) at ¶ 3.) Over 40 parties, including the City of Seattle, King County, and Pharmacia, have participated in the LDW Allocation. (*Id.*) The LDW Allocation is governed by rules outlined in a Memorandum of Agreement ("MOA"), which in relevant part provides:

> The Participating Parties intend that their communications with the Allocator and with one another during the Allocation Process, whether written or oral, be kept confidential among the Participating Parties and the Allocator to the fullest extent allowed by law. The Allocation Process shall be considered a mediation that is covered by RCW 42.56.600 (exemption from public disclosure for records of mediation communications) and RCW 7.07.030 (mediation communications are privileged) . . . .

(Wishik Decl., Ex. A (dkt. # 353-1) at 9, ¶ 5.1.5.4.)

In January 2020, Plaintiff moved for a protective order in response to Defendants' Request for Production No. 39.[1] (Pl.'s Mot. (dkt. # 139) at 1-2.) Plaintiff sought a protective order to restrict Defendants' request for documents Plaintiff had developed for the LDW Allocation, and to bar Defendants from using any of Plaintiff's mediation privileged documents it may have access to. (*Id.*) Plaintiff argued the Court's intervention was necessary as Pharmacia was a party to the LDW Allocation. (*Id.* at 2.)

In September 2020, Judge Lasnik granted Plaintiff's request for a protective order, "relieving [Plaintiff] from any further obligation to respond to RFP No. 39."[2] (Prot. Or. at 2.) In adjudicating that motion, Judge Lasnik found Plaintiff had not waived its mediation privilege to the LDW Allocation materials because Defendants failed to demonstrate Plaintiff had disclosed or made a representation regarding any mediation privileged communications to waive the privilege. (*Id.* at 3-4.) In granting the protective order, Judge Lasnik explained:

> The promise to keep mediation communications confidential - and the statutory protections for such communications - do not evaporate simply because one or more parties ultimately resorts to litigation in order to resolve the dispute. Under the federal discovery rules, Pharmacia is entitled to discover all relevant, non-privileged documents, facts, and information. The universe of discoverable documents does not, however, include materials protected by the mediation privilege, i.e., materials generated for and exchanged in the [LDW Allocation].

(*Id.* at 3.)

---

[1] Defendants' Request for Production No. 39 provides, "All DOCUMENTS produced, served, filed, or otherwise provided by YOU in the ALLOCATION PROCEEDING, including but not limited to YOUR disclosure questionnaire responses, Section 104(e) responses, position papers, affidavits or declarations, deposition testimony, expert reports, and rebuttal reports." (Pl.'s Mot. at 1.)

[2] Plaintiff did not object to the entirety of RFP No. 39 as it had already produced "tens of thousands of documents that Plaintiff provided to the Allocation and that existed outside of the Allocation, such as the Plaintiff's responses to EPA's requests for information . . . ." (Pl.'s Mot. at 2.)

Judge Lasnik additionally found that Plaintiff did not waive the mediation privilege by failing to oppose King County's previous production of its own mediation privileged documents as King County's waiver of its own privilege to pursue an insurance coverage claim had no impact on Plaintiff's mediation privilege. (Prot. Or. at 5.) Judge Lasnik's protective order thus bars Plaintiff's mediation privileged communications from being used in this litigation, "either as direct evidence or as the basis for expert testimony."[3] (*Id.* at 5.)

Relevant to the instant matter, in late 2021, Plaintiff designated Dr. Velleux as a rebuttal expert witness. (*See* Brunton Decl., Ex. A (dkt. # 323-1) at 7 (Velleux Dep. at 18:14-18).) Prior to being hired by Plaintiff, Dr. Velleux worked for five years as an expert for King County in the LDW Allocation. (*Id.* at 9 (Velleux Dep. at 52:14-17); Velleux Decl. (dkt. # 352) at ¶ 3.) Due to being a participant in the LDW Allocation, Defendant Pharmacia had access to the report Dr. Velleux previously authored. (Brunton Decl., Ex. E (dkt. # 323-5) at 1-2.)

On May 24, 2022, Defendants requested access to all expert reports that Dr. Velleux prepared in the LDW Allocation from Plaintiff. (Brunton Decl., Ex. C (dkt. # 323-3) at 2.) On May 25, 2022, Plaintiff responded that Defendants' requested documents were protected from disclosure by the protective order. (Brunton Decl., Ex. D (dkt. # 323-4) at 2.) Defendants eventually sought resolution of the issue by the Honorable Paris K. Kallas, who was previously appointed in this matter to resolve discovery disputes. (Brunton Decl., Ex. G (dkt. # 323-7); *see also* dkt. # 216.)

On July 5, 2022, Judge Kallas declined to consider Defendants' request for Dr. Velleux's materials, finding that "the current dispute rests outside of the authority granted [to the

---

[3] However, notably given the instant matter concerning Dr. Velleux, Judge Lasnik denied Plaintiff's request to exclude any expert who had seen the privileged communications without prejudice to the issue being raised in a more concrete setting. (Prot. Or. at 5 n.2.)

1   Discovery Master] because it requires interpretation and application of the Court's [protective

2   order] . . . [A]ny such determination rests solely with the Court." (Brunton Decl., Ex. I (dkt.

3   # 323-9) at 3.) As a result, Defendants filed the instant motion. (*See* Defs.' Mot.)

### III.   DISCUSSION

4

5          Defendants' Motion seeks to have the Court issue a declaratory order clarifying the

6   protective order by finding that Plaintiff has waived any claim of mediation privilege over LDW

7   Allocation reports and opinions by dual-use experts—specifically Dr. Mark Velleux—that are

8   inconsistent with the dual-use experts' opinions in this action and that any party may use such

9   materials and opinions for purposes of cross-examination at trial. (Defs.' Mot. at 1, 5, 8.) On

10  reply, Defendants additionally contend King County waived its mediation privilege because it

11  "allowed" Dr. Velleux to work as Plaintiff's expert and offer inconsistent positions, therefore

12  prejudicing Pharmacia. (Defs.' Reply at 1.)

13         Plaintiff counters Defendants' Motion should be denied because: (1) Dr. Velleux's work

14  in the LDW Allocation remains privileged under Washington's mediation statute; (2) such

15  privilege belongs to King County and the other parties who participated in the LDW Allocation;

16  and (3) Plaintiff cannot, nor has it attempted to, waive any privilege that belongs to other parties.

17  (Pl.'s Resp. at 1-2.) King County also opposes Defendants' Motion, arguing that it has not

18  waived its mediation privilege nor can a party to this case unilaterally waive the mediation

19  privilege of another party.[4] (Intervenor's Resp. at 6-8.) In their supplemental responses, both

20  Plaintiff and King County additionally argue that King County could not have waived its

21  mediation privilege by "allowing" Dr. Velleux to work for Plaintiff because King County is not a

22

23  _____

[4] King County also notes that Pharmacia waived its right to bring the instant motion because it is bound by the MOA to keep the materials confidential, and that Defendants can test the bases of Dr. Velleux's opinions without use of his LDW Allocation materials because Dr. Velleux's work in this case relied on publicly available investigation and cleanup information. (Intervenor's Resp. at 8-10.)

party to this proceeding nor has made any "disclosures" or "representations" to support a finding of waiver. (Pl.'s Supp. Resp. at 1; Intervenor's Supp. Resp. at 1-2.)

### A.    Mediation Privilege

Washington State's Uniform Mediation Act, RCW § 7.07 *et seq.*, bars admission of evidence pertaining to mediation communications. "The state statute embodies a state substantive interest in the confidentiality of mediation discussions in order to promote candid participation in mediations." *Mut. of Enumclaw v. Cornhusker Cas. Ins. Co.*, 2008 WL 4330313, at *2 (E.D. Wash. Sept. 16, 2008).

Relevant to the instant case, "Washington's Uniform Mediation Act applies a privilege to 'mediation communication[s],' which are 'not subject to discovery' and are not 'admissible in evidence in a proceeding.'" *Puget Soundkeeper All. v. Rainier Petroleum Corp.*, 2017 WL 6515970, at *6 (W.D. Wash. Dec. 19, 2017) (citing *W. & Clay, LLC v. Landmark Am. Ins. Co.*, 2010 WL 1881880 at *1 (W.D. Wash. May 10, 2010) (quoting RCW 7.07.030(1)). "Mediation communications" include statements made during a mediation or statements made "for the purposes of considering, conducting, participating in, initiating, continuing, or reconvening a mediation." *Id.* (citing RCW 7.07.010(2)). "[I]n a proceeding, . . . [a] mediation party may refuse to disclose, and may prevent any other person from disclosing, a mediation communication." RCW 7.07.030(2). The mediation privilege is to be "broadly construed." *See King County v. Travelers Indem. Co.,* 2018 WL 1994119, at *2 (W.D. Wash. Apr. 27, 2018) (citing *W. & Clay, LLC*, 2010 WL 1881880 at *1).

However, pursuant to RCW 7.07.040, a party can waive the mediation privilege. It may be waived expressly by the parties "in a record or orally during a proceeding if it is expressly waived by all parties to the mediation[.]" RCW 7.07.040(1). It may also be waived if a person

1    "discloses or makes a representation about a mediation communication which prejudices another

2    person in a proceeding." RCW 7.07.040(2). However, such waiver is "only to the extent

3    necessary for the person prejudiced to respond to the representation or disclosure." *Id.*

4            In *Travelers*, the Honorable Barbara J. Rothstein previously addressed whether the

5    mediation privilege was waived in a different proceeding concerning the LDW Allocation where

6    King County brought an action against its insurers seeking defense and indemnity. 2018 WL

7    1994119 at *2. In that case, an insurer requested that King County produce documents related to

8    the LDW Allocation Proceeding as relevant to its coverage defenses. *Id*. In response, King

9    County produced documents it had provided to other potentially responsible parties in the course

10   of the LDW Allocation, but refused to provide documents produced by, or otherwise reflecting,

11   the work of other parties due to privileges outlined in the MOA and the Washington Mediation

12   Act. *Id.* Based on King County's refusal to produce the documents, the insurer filed a motion to

13   compel. *See id.* at *1-2

14           The Court denied the insurer's motion to compel in *Travelers* because the Court found

15   the insurer's sought documents were mediation privileged communications and that such

16   privilege was not even King County's to potentially waive. 2018 WL 1994119 at *3. Of relevant

17   importance, the Court noted its specific concern with the sought disclosure of documents created

18   and previously provided "in reliance on the sanctity of the confidential mediation process" by the

19   insurer. *Id.* at *4. An order compelling disclosure, the Court thus opined, would undermine "a

20   functioning, predictable mediation framework [that] is a benefit to all—the parties, the courts,

21   and insurers alike." *Id.* "Going forward, parties to mediations would have legitimate doubts

22   about future enforcement of the protections the Washington legislature sought fit to provide.

23   Nothing in Washington law, or the MOA, requires this outcome." *Id.*

ORDER - 7

1       Here, the sanctity of the confidential mediation process remains of paramount concern to

2   the Court with regard to issues such as the instant matter—where a party seeks to publicly utilize

3   documents created in confidence for the purposes of privately settling a legal dispute. Dr.

4   Velleux's expert report previously commissioned for the LDW Allocation squarely falls under

5   such a framework, as it was prepared confidentially for King County for the purposes of

6   conducting and participating in the LDW Allocation. *See* RCW 7.07.010(2); RCW

7   7.07.030(2)(a).

8       Based on the record before the Court, King County's mediation privilege regarding Dr.

9   Velleux's previous expert report has not been waived by Plaintiff nor King County. First, there is

10  clearly no express waiver in the record by Plaintiff, King County, or as to "all parties to the

11  [LDW Allocation] mediation" as RCW 7.07.040(1) requires.[5] The only waiver provision

12  Defendants meaningfully appear to assert is RCW 7.07.040(2). (Defs.' Mot. at 7-8; Defs.' Reply

13  at 1,4.)

14      On this aspect, Defendants fail to demonstrate that Plaintiff somehow unilaterally

15  waived—or even had the ability to waive— King County's privilege as to Dr. Velleux's prior

16  opinion based on a "disclosure" or "representation" by Plaintiff. Like *Travelers*, Dr. Velleux's

17  report here was done for King County in the LDW Allocation, and thus, the mediation privilege

18  was not Plaintiff's to waive in this separate proceeding. Furthermore, prior to intervening, King

19  County had not participated in this case, and therefore, did not make any "disclosures" or

20  "representations" in this proceeding that could be construed to find waiver under RCW

21  7.07.040(2). Defendants also fail to offer any other authority to this Court to support an assertion

22

23  
---

[5] Though not addressed in their briefing, at oral argument Defendants contended King County "expressly" allowed Dr. Velleux to testify for Plaintiff, and therefore, waived the mediation privilege. (Dkt. # 498 at 7, 26.)

ORDER - 8

that King County somehow constructively waived its own mediation privilege by "allowing" Dr. Velleux to work for Plaintiff in this proceeding. Consequently, the Court cannot find that a waiver under RCW 7.07.040(2) occurred.

The Court is mindful that Defendants are put in a difficult situation by not being able to utilize Dr. Velleux's prior report to cross-examine him as to purported inconsistent conclusions regarding his opinion authored in this matter. Nevertheless, any such prejudice to Defendants is largely overshadowed by King County's mediation privilege as to Dr. Velleux's prior opinion, which has not been waived.[6] *See Travelers,* 2018 WL 1994119 at *3. Accordingly, the Court declines to modify the protective order to allow for the use of Dr. Velleux's previous LDW Allocation materials and opinions for purposes of cross-examination at trial.

### B.    Exclusion of Dr. Velleux's Testimony

In the alternative, Defendants request that Dr. Velleux be excluded as an expert due to Plaintiff's failure to disclose material facts that Dr. Velleux relied on, specifically facts and/or data pertaining to his previous report in the LDW Allocation. (Defs.' Reply at 1, 6.) Plaintiff counters that exclusion of Dr. Velleux on this basis is inappropriate because Plaintiff complied with Fed. R. Civ. P. 26(a)(2)(B) and because Plaintiff's nondisclosure of Dr. Velleux's mediation privileged materials was substantially justified, or harmless, under Fed. R. Civ. P. 37(c)(1). (Pl.'s Supp. Resp. at 3-6.)

---

[6] Any potential prejudice to Defendants can also be addressed, if appropriate or necessary, by the Court in motions in limine prior to trial. At oral argument, King County offered to assist the parties regarding the scope of Dr. Velleux's examination at trial, which would allow King County to protect its mediation privileged documents and communications in the LDW Allocation while allowing for Dr. Velleux to meaningfully testify as to his prior experience with the LDW. (*See* dkt. # 498 at 40.)

Pursuant to Fed. R. Civ. P. 26(a)(2)(B), unless otherwise stipulated or ordered by the court, a party's disclosure of expert testimony must be accompanied by a written report which contains:

> (i) a complete statement of all opinions the witness will express and the basis and reasons for them;
>
> (ii) the facts or data considered by the witness in forming them;
>
> (iii) any exhibits that will be used to summarize or support them;
>
> (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
>
> (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
>
> (vi) a statement of the compensation to be paid for the study and testimony in the case.

If a party fails to provide information or identify a witness as required by Fed. R. Civ. P. 26(a), "that party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

On this issue, the Court finds that exclusion of Dr. Velleux under Fed. R. Civ. P. 37(c)(1) is inappropriate at this time because Plaintiff complied with Fed. R. Civ. P. 26(a)(2)(B). Fed. R. Civ. P. 26(a)(2)(B) requires only disclosure of the "the facts or data considered by the witness" in forming their opinion for their work in the present litigation. *See* Fed. R. Civ. P. 26(a)(2)(B)(ii). It does not require disclosure of facts or data considered in opinions previously rendered in other proceedings, especially where such disclosure would undermine a confidential mediation proceeding, as requested by Defendants here.

1    Even if Plaintiff were found to have improperly withheld Dr. Velleux's prior reports

2   regarding the LDW Allocation pursuant to Fed. R. Civ. P. 26(a)(2)(B), any such failure was

3   substantially justified under Fed. R. Civ. P. 37(c)(1) because Dr. Velleux's prior report was

4   privileged as a mediation communication. More importantly, Dr. Velleux has represented that he

5   did not have access to the documents or data that he used in the LDW Allocation for

6   consideration in this proceeding and that he has not reviewed his reports concerning the LDW

7   Allocation since 2019. (Velleux Decl. at ¶¶ 6-7, 9; *see also* Wishik Decl., Ex. D (dkt. # 353-4) at

8   7 (Velleux Dep. at 83:5-21).) The publicly available data and database Dr. Velleux represents

9   that he used in forming his opinion in this case were produced to Defendants and appear to be the

10  same data that Defendants' expert Michael Kavanaugh used in rendering his expert opinion. (*See*

11  Velleux Decl. at ¶ 8; Wishik Decl. at ¶ 6.)

12   Finally, the Court notes that Defendants have filed a separate motion requesting that Dr.

13  Velleux be excluded from testifying at trial regarding his first, second, and third opinions in his

14  expert report for failure to satisfy *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993)

15  based on his "descending order of risk hierarchy" methodology. (*See* dkt. # 302.) At that more

16  suitable time, and if otherwise necessary or appropriate, the Court can review Dr. Velleux's

17  report *in camera* to determine whether there are any inconsistent statements and findings by Dr.

18  Velleux in his report authored for the LDW Allocation that would warrant the exclusion of his

19  testimony as to his opinions rendered in this case.[7] The Court can also consider at that time

20  whether Dr. Velleux's fourth opinion concerning the City of Seattle's combined sewer system

21

22  _____

23  [7] Per his declaration, Dr. Velleux states that his prior work in the LDW Allocation concerned only a small part of the LDW and that he did not previously opine on: (1) how costs should be allocated for remediation of the entire LDW; (2) the distribution of contaminants outside of the area assigned to him in the LDW Allocation; nor (3) the relationship of contaminants outside the area assigned to him in the LDW Allocation to costs for remedial actions. (Velleux Decl. at ¶¶ 3-4.)

improperly relied on facts or data not previously disclosed to Defendants and any appropriate

remedy under Fed. R. Civ. P. 37(c)(1). (*See* Defs.' Reply at 6.)

## IV.   CONCLUSION

For the foregoing reasons, Defendants' Motion (dkt. # 322) is DENIED. The Clerk is

directed to send copies of this Order to the parties and to the Honorable Richard A. Jones.

Dated this 4th day of October, 2022.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER - 12