UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CITY OF SEATTLE,<br><br>               Plaintiff,<br><br>    v.<br><br>MONSANTO COMPANY, *et al.*,<br><br>               Defendants. | Case No. C16-107-RAJ-MLP<br><br>ORDER |

       This matter comes before the Court on the Honorable Richard A. Jones's reference of: (1) two issues raised in Defendants Monsanto Company, Solutia Inc., and Pharmacia Corporation's Motion for Summary Judgment ("Defendants' Motion") (dkt. # 326); and (2) Plaintiff City of Seattle's "Motion to Strike Defendants' Amendments to Their Affirmative Defenses 10, 15, 18, 21, and 82" ("Plaintiff's Motion") (dkt. # 343). Based on Judge Jones's reference of the parties' Motions to this Court, the Court hereby ORDERS the following:

       (1)     Oral argument is set for **November 16, 2022, at 1:00 p.m.** on both Defendants' Motion (dkt. # 326) and Plaintiff's Motion (dkt. # 343). The parties are each authorized to submit 20-pages of supplemental briefing, by close of business on **November 10, 2022**, on the issues identified in Judge Jones's reference of Defendants' Motion, and as raised in Plaintiff's Motion, with specific consideration of:

ORDER - 1

(a) the effect of the State of Washington's June 2020 settlement agreement with Defendants in light of the Honorable Robert S. Lasnik's prior ruling that Plaintiff's public nuisance claim was brought for the benefit of the State— based on authority delegated from "the [State's] duty to hold all navigable waters within the state in trust for the public"— and determination that Plaintiff's efforts to remediate its waterways of pollution is an act "for the public good" undertaken in its sovereign capacity (*see* dkt. # 60 at 8-9)

(b) whether this Court can revisit Judge Lasnik's prior rulings or if this Court is bound to those determinations in light of law of the case doctrine and the previously addressed statute of limitations issue concerning Plaintiff's public nuisance claim;

(c) under Washington law, whether a municipality functions as an "agency" of the State, and whether the State's settlement agreement otherwise contemplated the release of claims by all of the State's municipalities as "agencies" of the State;

(d) the distinction between the City of Seattle's public nuisance action against Defendants and the named class-action plaintiffs City of Tacoma and City of Spokane in Defendants' pending class-action settlement agreement (dkt. # 344-5), in regard to whether the State's settlement agreement would otherwise release the City of Tacoma and City of Spokane's claims absent the pending class-action settlement;

(e) the effect of the State's settlement agreement on all of the Washington municipalities identified as initial settlement class members in Defendants' pending class-action settlement agreement (*see* dkt. # 344-5, Ex. A) and whether the State's settlement agreement would also release those municipalities' claims absent the pending class-action settlement; and

(f) whether the acquiescence exception, and/or waiver, applies to Defendants' *res judicata* defense given Defendants' litigation of the City of Seattle and the State of Washington's claims in dual proceedings and separate forums.

(2) Based on Judge Jones's reference of the issues contained in Defendants' Motion, and reference of Plaintiff's Motion, the Clerk is directed to RE-NOTE the parties' pending *Daubert* Motions and Motions to Strike (dkt. ## 274, 276, 278, 280, 282, 284, 286, 288, 290, 292, 297, 298, 300, 302, 304, 306, 308, 310, 312, 314, 316, 318, 320) for the Court's consideration on **November 25, 2022.**

The Clerk is directed to send a copy of this Order to the parties and to Judge Jones.

ORDER - 2

Dated this 20th day of October, 2022.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER - 3