UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CITY OF SEATTLE, <br><br> Plaintiff, <br><br> v. <br><br> MONSANTO COMPANY, *et al.*, <br><br> Defendants. | Case No. C16-107-RAJ-MLP <br><br> REPORT AND RECOMMENDATION |

## I.    INTRODUCTION

This matter is before the Court on: (1) Plaintiff City of Seattle's ("City") "Motion to Strike Defendants' Amendments to their Affirmative Defenses 10, 15, 18, 21, and 82" ("Plaintiff's Motion") (Pl.'s Mot. (dkt. # 343)); and (2) Defendants Monsanto Company, Solutia Inc., and Pharmacia Corporation's ("Defendants") Motion for Summary Judgment ("Defendants' Motion") (Defs.' Mot. (dkt. # 326)). Both parties have filed oppositions to the motions (Defs.' Resp. (dkt. # 439); Pl.'s Resp. (dkt. # 442)) and replies (Pl.'s Reply (dkt. # 472); Defs.' Reply (dkt. # 476)). This Court additionally authorized supplemental briefing from the parties. (Dkt. ## 506, 510, 513.) The Court heard oral argument from the parties on both motions on November 16, 2022. (Dkt. # 516.)

REPORT AND RECOMMENDATION - 1

Having considered the parties' submissions, oral argument, the balance of the record, and the governing law, the Court recommends that Plaintiff's Motion (dkt. # 343) be GRANTED in part and DENIED in part, and as a result, the Court DEFERS ruling on Defendant's Motion (dkt. # 326) to allow for additional limited discovery, as further explained below.

## II. DISCUSSION

### A. Plaintiff's Motion to Strike

The City's original complaint was filed in this action on January 25, 2016, and was later amended on May 4, 2016. (Dkt. ## 1, 31.) After adjudication of a motion to dismiss the City's first amended complaint by the Honorable Robert S. Lasnik (dkt. # 60), Defendants filed their first answer on March 24, 2017, which was later amended on September 6, 2017. (Dkt. ## 63, 91.) These pleadings remained the status quo for nearly five years until July 22, 2022, when the parties stipulated to the filing of the City's second amended complaint. (Dkt. # 261.) Pursuant to the stipulated filing, the City dismissed its claim for negligence and removed previously dismissed claims for products liability and equitable indemnity, leaving only its public nuisance claim remaining in the second amended complaint. (Dkt. ## 261, 265, 267.) On August 8, 2022, Defendants filed their answer to the City's second amended complaint. (Dkt. # 270.)

Relevant to the instant matter, Plaintiff's Motion moves to strike Defendants' amendments to their affirmative defenses 10, 15, 18, 21, and 82 in their answer as untimely, not responsive to changes made in the City's second amended complaint, and improper because they were made without the City's consent or leave of Court under Fed. R. Civ. P. 15(a)(2). (Pl.'s Mot. at 1.) Following conferral, Defendants agreed to revert to the original language used in support of affirmative defenses 15, 18, and 21. (Pl.'s Mot. at 1 n.1; Defs.' Resp. at 1 n.1; *see also*

REPORT AND RECOMMENDATION - 2

Wishik Decl. (dkt. # 344) at ¶ 2.) As such, the Court will recommend striking those amendments as agreed between the parties.

As to the remaining contested amendments, the City specifically contends Defendants' affirmative defense 10 inserts *res judicata* as an entirely new affirmative defense into a previously asserted estoppel affirmative defense, and that affirmative defense 82 was changed from a claim that the City had previously released its claims to a defense that a third party had released or settled the City's claims. (Pl.'s Mot. at 1.) Defendants respond that their amendments merely clarified the wording of their pre-existing affirmative defenses, but that in any case, the City has failed to meet its burden to show it has suffered prejudice from Defendants' amendments to their affirmative defenses to warrant striking them. (Defs.' Resp. at 1-2.)

    i.  Legal Standard

This Court has previously acknowledged that Federal Rule of Civil Procedure 15 does not directly address the extent to which an answer to an amended complaint can be revised in response to the amended pleading.[1] *Kreidler v. Pixler*, 2009 WL 529590, at *1 (W.D. Wash. March 2, 2009). Courts that have considered the issue have found a defendant cannot plead new affirmative defenses unless the amended complaint changed the scope or theory of the case. *Id.*; s*ee e.g.*, *GSI Group, Inc. v. Sukup Mfg. Co.*, 2007 WL 757819, at *2 (C.D. Ill. March 8, 2007) ("[I]f an amended complaint does not change the scope or theory of a case, then the responsive pleading cannot add new theories either."); *E.E.O.C. v. Morgan Stanley & Co., Inc.*, 211 F.R.D. 225, 227 (S.D.N.Y. 2002).

---

[1] In *Kreidler*, because the Court found that defendants were not entitled to add new affirmative defenses as a right, the Court proceeded to examine whether to grant defendants leave to assert the affirmative defenses pursuant to Rule 15. *See Kreidler*, 2009 WL 529590 at *2. Though the City cites to *Kreidler* and Rule 15(a)(2) in its Motion (*see* Pl.'s Mot. at 6-7), the situation the Court was presented in *Kreidler* remains distinguishable from the instant matter because Defendants here asserted the subject affirmative defenses in a near contemporaneous dispositive motion.

REPORT AND RECOMMENDATION - 3

However, the Ninth Circuit has routinely found that an affirmative defense may be pleaded for the first time in a summary judgment motion absent prejudice to the plaintiff. *See e.g.*, *Ledo Fin. Corp. v. Summers*, 122 F.3d 825, 827 (9th Cir. 1997) (citation omitted) ("Although Rule 8 requires affirmative defenses to be included in responsive pleadings, absent prejudice to the plaintiff an affirmative defense may be plead for the first time in a motion for summary judgment."); *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001) (same, for judgment on the pleadings); *see also Kische USA LLC v. Simsek*, 2017 WL 3895545, at *8 n.10 (W.D. Wash. Sept. 6, 2017). The Court therefore need not decide whether Defendants' amendments constituted new or improper affirmative defenses under Rule 15, but must instead address the relatively contemporaneous assertion of amended affirmative defenses 10 and 82 in Defendants' Motion. (*See* dkt. # 270; Defs.' Mot at 43-48.) The Court will thus proceed to examine whether the City was prejudiced by Defendants' assertion of their affirmative defenses 10 and 82 in their summary judgment motion.

      *ii.*    *Discussion*

Both affirmative defenses 10 and 82 are premised on the State of Washington's June 24, 2020 Settlement Agreement ("State Settlement Agreement") with Defendants to resolve claims asserted by the State on behalf of the public, including a claim for public nuisance arising from the presence of PCBs in the environment. (Wishik Decl., Ex. I (dkt. # 344-9) at ¶¶ 15-17, 22, 23.) On the issue of prejudice, the City argues it is prejudiced by Defendants' amendments to their affirmative defenses due to: (1) a lack of notice and opportunity to conduct discovery into the meaning of the State Settlement Agreement; (2) the time and resources the City expended litigating this case that it might have avoided had it known about the defenses; and (3) because the City was denied information it suggests would have impacted its decision to remain or opt

out of the class settlement in *City of Long Beach et al. v. Monsanto Company et al.*, Case No. C16-3493-FMO-AS (C.D. Cal.) ("Class Settlement"). (*See* Pl.'s Mot. at 10-11; Pl.'s Reply at 5-6.)

Here, the Court concludes that the City was not prejudiced with regard to Defendants' amendments to affirmative defenses 10 and 82. Since September 6, 2017, the City has been on notice that Defendants' affirmative defenses contained a defense related to a release of the City's claims. (*See* dkt. # 91 at 44, ¶ 84.) Any concern that the City was prejudiced by Defendants' recent amendments regarding their release defense is minimized because the City had the ability to obtain more information about Defendants' release defense at any point during the discovery process.[2] Indeed, nothing in the record before this Court suggests the City served interrogatories or other discovery requests on Defendants inquiring as to the basis for Defendant's release defense (*see* Defs.' Resp. at 7), which would have required Defendants to precisely define any facts underlying the defense that the City now complains was undisclosed. And though the precise contours of Defendants' release defense did not appreciably manifest until the State Settlement Agreement was entered in June 2020, the City was aware of the State Settlement Agreement in June 2020 (*see* Pl.'s Reply at 5), while the fact discovery deadline in this case did not expire until October 28, 2021 (*see* dkt. # 222).[3]

---

[2] Though not clearly identified in Defendants' earlier pleadings, Defendants' *res judicata* defense is largely premised on the import of their claim that the State Settlement Agreement released the City's public nuisance claim. (*See* Defs.' Mot at 45-48.)

[3] The City notes that Defendants failed to make any mention of the State Settlement Agreement or any potential witnesses relating to that issue in a supplemental Rule 26 disclosure despite supplementation of their Rule 26 disclosures three times since the State Settlement Agreement was executed. (Pl.'s Mot. at 5-6.) Nevertheless, the City has acknowledged it was aware of the State Settlement Agreement when it was executed, as evinced by the fact that the City's Attorney's Office made a statement about it to the

REPORT AND RECOMMENDATION - 5

Furthermore, the City has also failed to demonstrate that the time and resources expended for its "produc[tion] of 24 expert reports and supplements, review[] and respon[se] to 34 expert reports and supplements produced by the Defendants, and taking and defending of 49 depositions" across the pendency of this litigation were costs borne out by Defendants' amendments to their affirmative defenses. (*See* Pl.'s Mot. at 11.) It remains highly speculative whether the City's efforts in litigating the totality of this matter would not have otherwise been undertaken had the City had notice of the release defense set forth in Defendants' amendments to their affirmative defenses. *See Owens*, 244 F.3d at 713 ("Appellants may not demonstrate prejudice based solely on the untimely assertion of res judicata because this affirmative defense would have been dispositive had [defendant] asserted it when the action was filed."). The City's contention that it would have potentially chosen not to opt out of the Class Settlement had it been more aware of the release defense comprised in Defendants' amendments to their affirmative defenses is similarly speculative, especially in light of the City's noted disapproval and objection to the Class Settlement amount. (*See* Stearns Decl., Ex. C (dkt. # 440-3) at 4-5.)

Finally, as addressed in more detail below, any potential prejudice to the City arising due to its inability to previously conduct discovery as to Defendants' amendments of affirmative defenses 10 and 82 will be ameliorated because the Court will authorize discovery regarding the State Settlement Agreement and provide an opportunity for the parties to submit additional

---

Seattle Times at the time it was made public. (*See* Defs.' Reply at 8-9 n.3 (citing Evan Bush, Monsanto will pay $95 million in PCB settlement with Washington state, The Seattle Times (June 24, 2020), *available at* https://www.seattletimes.com/seattle-news/washington-state-to-get-95-million-settlement-against-monsanto-over-pcbs/ (last accessed November 22, 2022)).)

REPORT AND RECOMMENDATION - 6

briefing on the issue before adjudicating the merits of Defendants' Motion. Therefore, the Court declines to strike Defendants' amendments to affirmative defenses 10 and 82.

B.  **Motion for Summary Judgment**

Next, Defendants' Motion argues that the City's claim was released by the State of Washington in June 2020 when the State settled its lawsuit against Defendants for the same injuries alleged by the City, which Defendants contend binds the City by its terms, and that *res judicata* further acts to bar the City's claims.[4] (Defs.' Mot. at 1, 43-48.) Relevant to determining Defendants' Motion, there remains significant disagreement between the parties as to the reasonable meaning of the language and terms of the State Settlement Agreement. Specifically at issue, "Releasing Person" per the State Settlement Agreement is defined as:

> "Releasing Persons" shall mean the State of Washington, and each of its officers acting in their official capacities, *agencies*, departments, boards, and commissions and any predecessor, successor or assignee of any of the above.

(Wishik Decl., Ex. I, at ¶ 17 (emphasis added).)

Defendants argue that the language in the State Settlement Agreement released the City's claims because the City is a "Releasing Person" as one of the "agencies" of the State of Washington. (Defs.' Mot. at 44-45.) The City contends that the parties to the State Settlement Agreement did not intend for the definition of "Releasing Persons" to include the City in light of the ordinary and usual meaning of the terms implemented in the State Settlement Agreement and due to the surrounding circumstances of its formation. (Pl.'s Resp. at 53-54.)

---

[4] On October 13, 2022, this Court was referred portions of Defendants' Motion by the Honorable Richard A. Jones regarding the discreet issues of: (1) whether the State of Washington released the City of Seattle's intentional public nuisance claim when the State of Washington settled its PCB lawsuit against Defendants in June 2020; and (2) whether *res judicata* otherwise bars the City of Seattle's public nuisance claim. (Dkt. # 503.)

REPORT AND RECOMMENDATION - 7

Given the reasonable dispute between the parties as to the terms implemented by the parties to the State Settlement Agreement, the respective intent of the parties to the State Settlement Agreement with regard to the City and "Releasing Persons," and due to the current dearth of extrinsic evidence in the record as to the State Settlement Agreement, the Court finds it appropriate to defer ruling on Defendants' Motion at this time. *See* Fed. R. Civ. P. 56(d). The Court will thus allow the parties additional time to conduct limited discovery on the State Settlement Agreement.

### III. CONCLUSION

For the foregoing reasons, this Court recommends that Plaintiff's Motion (dkt. # 343) be GRANTED in part and DENIED in part. Specifically, the Court recommends that: (1) Plaintiff's Motion be GRANTED as to striking Defendants' amendments to affirmative defenses 15, 18, and 21 as agreed to by the parties; and (2) Plaintiff's Motion be DENIED with regard to striking Defendants' amendments to affirmative defenses 10 and 82. A proposed Order accompanies this Report and Recommendation.

As a result of this Court's recommendation, the Court DEFERS ruling on Defendants' Motion (dkt. # 326) and instead allows the parties until **January 23, 2023**, to conduct discovery regarding the meaning of the terms of the State Settlement Agreement, the intent of the parties to the State Settlement Agreement, the scope of any release authorized by the State Settlement Agreement, and any other relevant surrounding circumstances. This Court will hear any issues arising during this discovery period pursuant to Local Civil Rule 7(i) and will be available to conduct *in camera* review for any privilege issues arising in discovery.

At the conclusion of discovery, the parties are authorized to each submit **12 pages** of supplemental briefing on Defendants' Motion, by **February 20, 2023**, regarding whether the

State of Washington released the City of Seattle's public nuisance claim when the State of Washington settled its PCB lawsuit against Defendants and whether *res judicata* applies. The Clerk is directed to RE-NOTE Defendants' Motion (dkt. # 326) for this Court's consideration on **February 24, 2023**.

Finally, due to the need to allow time for the additional discovery on the State Settlement Agreement to adjudicate Defendants' Motion, and in the interests of judicial efficiency and economy, the Court administratively **STRIKES** the parties' pending *Daubert* Motions and Motions to Strike (dkt. ## 274, 276, 278, 280, 282, 284, 286, 288, 290, 292, 297, 298, 300, 302, 304, 306, 308, 310, 312, 314, 316, 318, 320) without prejudice to refiling after this Court's determination on the referred portion of Defendants' Motion.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit by no later than **fourteen (14)** days after the filing of this Report and Recommendation. Objections, and any response, shall not exceed twelve pages. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motion calendar **fourteen (14)** days after they are served and filed. Responses to objections, if any, shall be filed no later than **fourteen (14)** days after service and filing of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **December 9, 2022.**

The Clerk is directed to send copies of this Order to the parties and to the Honorable Richard A. Jones.

Dated this 22nd day of November, 2022.

MICHELLE L. PETERSON
United States Magistrate Judge