UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CITY OF SEATTLE,

    Plaintiff,

v.

MONSANTO COMPANY, *et al.*,

    Defendants.

Case No. C16-107-RAJ-MLP

ORDER

## I. INTRODUCTION

This matter is before the Court on Defendants Monsanto Company, Solutia Inc., and Pharmacia LLC's ("Defendants"): (1) "Motion for Protective Order to Prevent the Depositions Noticed by Plaintiff on December 1, 2022" (dkt. # 531); and (2) "Motion for Protective Order re: Plaintiff's December 1, 2022 Discovery Requests (dkt. # 542) ("Defendants' Motions"). Defendants' Motions seek a protective order to prevent Plaintiff City of Seattle from proceeding with two depositions and to prohibit discovery requests served by Plaintiff on December 1, 2022, including: (1) Plaintiff's Fourth Set of Requests for Production; (2) Plaintiff's Second Set of Requests for Admission; and (3) Plaintiff's First Set of Interrogatories (collectively, "Plaintiff's Discovery Requests").

ORDER - 1

Plaintiff City of Seattle has filed oppositions to Defendants' Motions (dkt. ## 537, 544), and Defendants submitted a reply on their deposition motion.[1] (Dkt. # 541.) The Court heard oral argument from the parties on Defendants' Motions on January 11, 2023. (Dkt. # 549.)

Having considered the parties' submissions, oral argument, the balance of the record, and the governing law, Defendants' Motions (dkt. ## 531, 542) are DENIED, as further explained below.

## II.  BACKGROUND

On October 13, 2022, this Court was referred portions of Defendants' pending Motion for Summary Judgment by the Honorable Richard A. Jones regarding the issues of: (1) whether the State of Washington released the City of Seattle's intentional public nuisance claim when the State of Washington settled its PCB lawsuit against Defendants in June 2020; and (2) whether res judicata otherwise bars the City of Seattle's public nuisance claim. (Dkt. # 503.) Defendants' pending Motion for Summary Judgment contends that the City's claim was released by the State of Washington in June 2020 when the State settled its lawsuit against Defendants for the same injuries alleged by the City, which Defendants contend binds the City by its terms, and that *res judicata* further acts to bar the City's claims. (*See* dkt. # 326 at 1, 43-48.)

On November 22, 2022, this Court issued a Report and Recommendation deferring ruling on Defendants' Motion for Summary Judgment to allow for limited discovery on the issue. (Dkt. # 519 at 7-8.) The Court authorized the parties until January 23, 2023, to conduct limited discovery regarding "the meaning of the terms of the State Settlement Agreement, the intent of

---

[1] This matter was heard in an expedited manner based on this Court's previously authorized limited discovery and direction to the parties that the Court would hear any discovery issues arising during the limited discovery period pursuant to Local Civil Rule 7(i). (Dkt. # 519 at 8.) In the interest of having this matter heard in an expedited fashion, the Court did not authorize Defendants to file a reply to its motion for protective order for Plaintiff's Discovery Requests. (*See* dkt. # 543.)

ORDER - 2

the parties to the State Settlement Agreement, the scope of any release authorized by the State Settlement Agreement, and any other relevant surrounding circumstances." (*Id.* at 8.)

As a result of this Court's recommendation, on December 1, 2022, Plaintiff served its Discovery Requests and deposition notices. (*See* Second DeBord Decl. (dkt. # 542-1), Exs. A-D.) Plaintiff's deposition notices seek testimony from a corporate representative of Defendants and from William B. Dodero, current Vice President and Assistant General Counsel of Bayer, who signed the State Settlement Agreement on behalf of Defendants. The depositions were previously noted for January 9 and 10, 2023, respectively. (*Id.* Exs. B, D.) On December 29, 2022—despite this Court's advisement to proceed under LCR 7(i)—Defendants submitted their motion for a protective order over the noticed depositions. (Dkt. # 531.)

On January 3, 2023, Defendants served objections and responses to Plaintiff's Discovery Requests, largely setting forth objections premised on arguments brought in the pending Motions before the Court. (*See* Second DeBord Decl., Exs. E-F.) On January 4, 2023, Judge Jones adopted this Court's Report and Recommendation and extended the parties' limited discovery period to February 6, 2023. (Dkt. # 538.) Defendants subsequently filed their motion for a protective order on Plaintiff's Discovery Requests on January 6, 2023.[2] (Dkt. # 542.)

### III.    DISCUSSION

Defendants argue that Plaintiff's deposition notices and Discovery Requests: (1) seek irrelevant and extrinsic testimony and evidence; (2) seek privileged testimony and evidence; (3) exceed the scope of authorized discovery by the Court; and (4) improperly pursue discovery for

---

[2] Defendants' second protective order motion followed a meet and confer with Plaintiff in which Plaintiff had sought to file a motion to compel responses to its Discovery Requests. (*See* Daniel Decl. (dkt. # 545) at ¶¶ 5-7.) At that meet and confer, Defendants contended Plaintiff's proposed motion to compel was not ripe as Plaintiff was seeking to enforce discovery issued pursuant to this Court's Report and Recommendation, which was not approved by Judge Jones until January 4, 2023. (*Id.* at ¶ 7.)

ORDER - 3

1  trial. (*See* dkt. ## 531 at 5-8, 542 at 4-12.) Plaintiff argues that Defendants fail to demonstrate
2  good cause to prevent Plaintiff's sought depositions. (Dkt. # 537 at 4.) In addition, Plaintiff
3  requests that the Court order Defendants to respond to the Discovery Requests and to provide
4  dates for the requested depositions. (Dkt. # 544 at 3.)

5        Parties may obtain discovery regarding any nonprivileged matter that is relevant to any
6  party's claim or defense and proportional to the needs of the case. Fed. R. Civ. P. 26(b). Under
7  Rule 26(c), the Court may issue a protective order if the party seeking the order establishes
8  "good cause" and the protective order is required "to protect a party or person from annoyance,
9  embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1).

10       "For good cause to exist, the party seeking protection bears the burden of showing
11 specific prejudice or harm will result if no protective order is granted." *Phillips ex rel. Estates of*
12 *Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002). "Broad allegations of harm,
13 unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test."
14 *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (citation and internal
15 quotations omitted).

16       A.      **Motion for Protective Order re: Depositions**

17       First, Defendants argue that Plaintiff's sought discovery as to the deposition requests is
18 irrelevant, extrinsic testimony because the State Settlement Agreement is clear and
19 unambiguous, fully integrated, and fails to carve out Plaintiff's claims from the released claims.
20 (Dkt. ## 531 at 5.) Defendants further contend that Plaintiff improperly seeks privileged
21 testimony and evidence, in violation of the mediation privilege, attorney-client privilege, and
22 work product doctrine, and that Plaintiff improperly seeks discovery for trial. (*Id.* at 4-8.)
23

ORDER - 4

Plaintiff responds that Defendants' arguments lack the required specificity to satisfy the "extraordinary circumstances" standard for issuance of a protective order that would bar a deposition. (Dkt. # 537 at 4.) Plaintiff notes that Defendants in essence seek blanket protective orders, which fail to explain or elucidate exactly what privileges apply to Plaintiff's noticed topics or would otherwise prohibit factual questions. (*Id.* at 6.)

A party seeking to prevent a deposition carries "a heavy burden" to demonstrate why discovery should be denied, and absent "extraordinary circumstances" it is unusual for a court to prohibit the taking of a deposition. *See Rookaird v. BNSF Ry. Co.*, 2015 WL 11233096, at *1 (W.D. Wash. July 8, 2015) (citing *In re Google Litig.*, 2011 WL 4985279, at *2 (N.D. Cal. Oct. 19, 2011)); *see also Salter v. Upjohn Co.*, 593 F.2d 649, 651 (5th Cir. 1979)). To that end, "a strong showing is required before a party will be denied entirely the right to take a deposition." *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975); *see also United States EEOC v. Caesars Entm't, Inc.*, 237 F.R.D. 428, 432 (D. Nev. 2006) ("As a general rule, courts will not grant protective orders that prohibit the taking of deposition testimony.").

Defendants have failed to carry their burden to show the noticed depositions should not take place at all. Courts, including this District, generally will not grant blanket protective orders which prohibit the taking of deposition testimony absent some demonstration of "extraordinary circumstances." *See Rookaird*, 2015 WL 11233096 at *1. Here, the Court agrees with Plaintiff that the noticed depositions clearly seek relevant discovery within the scope of that which was previously authorized by the Court on the deferred summary judgment issue. (*See* dkt. # 519 at 7-8.)

Furthermore, Defendants' current assertion of the mediation privilege, attorney-client privilege, and the work-product doctrine as to Plaintiff's deposition request are before this Court

ORDER - 5

in a vacuum. Though there are likely questions that Plaintiff can raise at the depositions which might call for objection on the basis of privilege, such instances are not presently before the Court on a record that allows for proper determination.[3] Upon such instances, Defendants' attorney may object at the appropriate time and direct the witness not to reveal any privileged information, which will allow the Court the record and context necessary to evaluate any future arising disputes.

Finally, the Court notes that, on reply, Defendants cite to both *Lloyd Lifestyle Ltd. v. Soaring Helmet Corp.*, 2006 WL 753243 (W.D. Wash. 2006), and *McBride v. Medicalodges, Inc.*, 250 F.R.D. 581 (D. Kan. 2008), as instances where deposition notices to an attorney were quashed, or a protective order granted, because the requests facially sought privileged information. (*See* dkt. # 541 at 3.) However, *Lloyd* is inapposite as the deposition noticed in that case noticed opposing counsel, which called for "special scrutiny" of the general rule that protective orders that completely bar a deposition are disfavored. *See Lloyd*, 2006 WL 753243, at * 1. Mr. Dodero, though an Assistant General Counsel for Bayer, is not opposing counsel in this litigation. Defendants also misapprehend the holding in *McBride* as the district court in that case in fact declined to grant a protective order on a broad assertion of attorney-client privilege and work product doctrine. *See* 250 F.R.D. at 587 ("The Court finds that the blanket assertions of attorney-client privilege and work product against the deposition topics are premature. The Court does not find that the topics on their face call for testimony invading the attorney-client privilege or attorney work-product doctrine.").

---

[3] *See United States v. Hodgson,* 492 F.2d 1175, 1177 (10th Cir. 1974) (noting that assertion of privilege must normally be raised "as to each record sought and each question asked so that . . . the court can rule with specificity"); *see also Sprint Commc'n. Co., L.P. v. Theglobe.com, Inc.*, 236 F.R.D. 524, 529 (D. Kan. 2006) (finding blanket assertion of privilege before Rule 30(b)(6) deposition premature).

ORDER - 6

Defendants have failed to demonstrate that any "extraordinary circumstances" in this case merit barring Plaintiff's noticed depositions. Accordingly, Defendants' motion for a protective order on Plaintiff's noticed deposition is denied.

### B. Motion for Protective Order re: 12/1/22 Discovery Requests

Next, Defendants' motion for a protective order regarding Plaintiff's Discovery Requests largely reiterates the same arguments set forth as to the motion for protective order on Plaintiff's noticed depositions.[4] (*See* dkt. # 542 at 4-12.) Plaintiff again notes that Defendants seek blanket protective orders barring Plaintiff's Discovery Requests, which similarly fail to explain what privilege prohibits Plaintiff's specific production requests and/or sought answers to its requests for admission and interrogatories. (Dkt. # 544 at 7-8.)

As to Plaintiff's Discovery Requests, the Court again agrees that Defendants' Motion makes broad assertions of the mediation privilege, but fails to meaningfully engage in how the privilege specifically applies to the individual discovery requests. (*See* dkt. # 542 at 5-6.) Defendants similarly fail to set forth specific argument of how attorney-client privilege and/or work product doctrine apply to bar several of Plaintiff's Discovery Requests other than cursory mentions that Plaintiff requests information which seeks Defendants' counsel's "litigation strategy" and "mental impressions." (*See* dkt. # 542 at 7-9.) And despite Defendants' repeated reservations to discovery being irrelevant or beyond the scope previously permitted by this Court, Plaintiff's sought information at this juncture appears clearly relevant and proportional to

---

[4] It appears the only different argument raised between Defendants' Motions is that Defendants argue Plaintiff's Discovery Requests improperly seek to re-litigate Plaintiff's previous motion to strike Defendants' affirmative defenses 10 and 82, and that because the Court denied that motion, "[Plaintiff] is not entitled to conduct discovery regarding these affirmative defenses and Defendants are entitled to a Protective Order on these Requests." (Dkt. # 542 at 10-11.) In fact, the opposite is true. Because Defendants' affirmative defenses were not stricken, the Court authorized limited discovery to ameliorate any potential prejudice to Plaintiff arising from not having previously conducted discovery on Defendants' affirmative defenses 10 and 82. (*See* dkt. # 519 at 6.)

ORDER - 7

1  Plaintiff's need for discovery to present a defense to Defendants' release and *res judicata*
2  affirmative defenses. (*See* dkt. # 519 at 7-8.)
3        In any case, based on Defendants' representations at oral argument that Defendants have
4  only just recently begun to search for responsive documents to Plaintiff's Discovery Requests,
5  the Court's determination on any potential privilege assertions—or the potential waiver of such
6  privileges—would be premature. Therefore, based on the record before the Court, it is too early
7  at this time for the Court to determine if Plaintiff's Discovery Requests are improper based on
8  any applicable privilege and/or work-product doctrine to demonstrate good cause for a protective
9  order.
10       Accordingly, Defendant's motion for a protective order on Plaintiff's Discovery Requests
11 is also denied.

## IV.     CONCLUSION

For the foregoing reasons, the Court hereby ORDERS that:

(1)     Defendants' Motions (dkt. ## 531, 542) are DENIED;

(2)     Defendants will provide Plaintiff available dates and times for the previously noticed depositions of Mr. William Dodero and Defendants pursuant to Fed. R. Civ. P. 30(b)(6), which will remain limited to the Court's previously authorized discovery topics. The Court will make itself available to the parties to hear any discovery issues arising during the depositions telephonically; and

(3)     Defendants are provided until **February 4, 2023**, to supplement their responses to Plaintiff's Fourth Set of Requests for Production, Second Set of Requests for Admissions, and First Set of Interrogatories.

Pursuant to Fed. R. Civ. P. 26(b)(5) and Fed. R. Civ. P. 34(b)(2)(C), Defendants' supplemental responses must state whether any documents will be produced or are being withheld, the basis of any objection to production of such documents, and Defendants are to provide a log for any documents withheld on the basis of any applicable privilege.

Dated this 12th day of January, 2023.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER - 9