UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CITY OF SEATTLE,<br>Plaintiff,<br>v.<br>MONSANTO COMPANY, *et al.*,<br>Defendants. | Case No. C16-107-RAJ-MLP<br>ORDER |

This matter is before the Court on: (1) Defendants Monsanto Company, Solutia Inc., and Pharmacia LLC's ("Defendants") "Motion to Clarify Order Granting Discovery [dkt. ## 519, 538] and Request for FRE 502(d) Protective Order" ("Motion to Clarify") (dkt. # 559); (2) Plaintiff City of Seattle's Telephonic Motion pursuant to Local Civil Rule 7(i) ("Motion to Compel") (dkt. # 565); and (3) Defendants' "Unopposed Motion Permitting Rescheduling of Depositions and Extending Close of Discovery and Adjusting Briefing Schedule" ("Motion for Extension of Time") (dkt. # 569). The Court heard oral argument from the parties on February 21, 2023.

Having considered the parties' submissions, oral argument, the balance of the record, and the governing law, the Court hereby ORDERS as follows:

(1) Defendants' Motion to Clarify (dkt. # 559) is GRANTED in part and DENIED in part as follows:

This Court's previous Report and Recommendation found that, relevant to determining Defendants' Motion for Summary Judgment (dkt. # 326), "there remains significant disagreement between the parties as to the reasonable meaning of the language and terms of the State Settlement Agreement." (Dkt. # 519 at 7.) The Court specifically noted the parties' conflicting interpretations as to the State Settlement Agreement's use of the term "Releasing Person" and whether that language in the State Settlement Agreement released the City of Seattle's claims because the City is a "Releasing Person" as one of the "agencies" of the State of Washington.[1] (*Id.*) This Court's previous Report and Recommendation therefore deferred ruling on Defendants' Motion for Summary Judgment due to:

> [T]he reasonable dispute between the parties as to the terms implemented by the parties to the State Settlement Agreement, *the respective intent of the parties to the State Settlement Agreement with regard to the City and 'Releasing Persons,'* and due to the current dearth of extrinsic evidence in the record as to the State Settlement Agreement.

(Dkt. # 519 at 8 (emphasis added).) The parties were thus allowed "to conduct discovery regarding the meaning of the terms of the State Settlement Agreement, the intent of the parties to the State Settlement Agreement, the scope of any release authorized by the State Settlement Agreement, and any *other relevant surrounding circumstances*." (*Id.* (emphasis added).)

To clarify this Court's prior authorization of discovery, in *Berg v. Hudesman*, 115 Wash.2d 657, 666 (1990), the Washington Supreme Court adopted the "context rule" to contract interpretation, which recognizes that the "intent of the contracting parties cannot be interpreted

---

[1] "Releasing Person" per the State Settlement Agreement is defined as: "[T]he State of Washington, and each of its officers acting in their official capacities, *agencies*, departments, boards, and commissions and any predecessor, successor or assignee of any of the above. (Wishik Decl. (dkt. # 344), Ex. I at ¶ 17 (emphasis added).)

without examining the context surrounding an instrument's execution." *Hearst Commc'ns, Inc. v. Seattle Times Co.*, 154 Wn.2d 493, 502 (2005). Where relevant for determining mutual intent, the Washington Supreme Court has delineated that extrinsic evidence may be considered, including: "(1) the subject matter and objective of the contract, (2) all the circumstances surrounding the making of the contract, (3) the subsequent acts and conduct of the parties, and (4) the reasonableness of respective interpretations urged by the parties." *Berg*, 115 Wn.2d at 667 (quoting *Stender v. Twin City Foods, Inc.*, 82 Wn.2d 250, 254 (1973)). In *Berg*, the Washington Supreme Court concluded that extrinsic evidence was admissible in that case to aid in understanding the parties' intent with respect to a specific term in their contract. *See id.* at 672.

Since *Berg,* the Washington Supreme Court has explained that its holding in *Berg* did not authorize an "unrestricted use" of extrinsic evidence in contract analysis. *See Hearst Commc'ns Inc.*, 154 Wn.2d at 503; *Hollis v. Garwall, Inc.*, 137 Wn.2d 683, 693 (1999). The Washington Supreme Court clarified that "surrounding circumstances and other extrinsic evidence are to be used 'to determine the meaning of *specific words and terms used'* and not to 'show an intention independent of the instrument' or to 'vary, contradict or modify the written word." *Hearst Commc'ns Inc.*, 154 Wn.2d at 503 (quoting *Hollis*, 137 Wn.2d at 695-96 (emphasis in original)).

Parties may obtain discovery regarding any nonprivileged matter that is relevant to a party's claim or defense and proportional to the needs of the case. Fed. R. Civ. P. 26(b); *see Klein v. Omeros Corp.*, 2012 WL 12941249, *1 (W.D. Wash. July 3, 2012) ("A district court has broad discretion to limit discovery's scope to relevant matters." (citing *Legal Aid Servs. of Oregon v. Legal Servs. Corp.*, 608 F.3d 1084, 1093 (9th Cir. 2010)). Accordingly, Defendants' Motion to Clarify is GRANTED. The Court clarifies that the parties are allowed to conduct discovery regarding the meaning, intent, and scope of any release authorized by the parties' use

of the terms "agencies" and "Releasing Persons" in the 2020 State Settlement Agreement. The Court finds such discovery relevant with regard to Defendants' release argument premised on their contention that the City of Seattle is an "agency," and therefore, a "Releasing Person" under the State Settlement Agreement's definitions and with regard to Defendants' *res judicata* argument.

Finally, based on the parties' representations at oral argument that they have now come to an agreement on a Federal Rule of Evidence 502(d) protective order, Defendants' request for the Court's entry of protective order is DENIED.

(2) Plaintiff's Motion to Compel (dkt. # 565) is GRANTED in part and DENIED in part, as follows:

(a) Plaintiff's request that Defendants "properly respond" to Plaintiff's Request for Admission Nos. 20, 23, and 24 is GRANTED. A denial of a request for admission "must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest." Fed. R. Civ. P. 36(a)(4). Defendants' responses to Plaintiff's Request for Admission Nos. 20, 23, and 24 are improperly evasive as to the underlying facts regarding Defendants' intent and/or understanding as to the meaning of the relevant terms of the State Settlement Agreement. Defendants are directed to supplement their responses to Requests for Admission Nos. 20, 23, and 24 to be clear as to what is admitted, what is qualified, and what is denied with regard to any underlying facts not subject to Defendants' privilege objections concerning Plaintiff's requests for admission. *See* Fed. R. Civ. P. 36(a)(4).

(b) Plaintiff's request that Defendants fully respond to Interrogatories Nos. 4, 7, and 8 is GRANTED. A responding party must answer each interrogatory by stating the appropriate

objection with specificity or, to the extent the interrogatory is not objected to, by "answer[ing] separately and fully in writing under oath." Fed. R. Civ. P. 33(b). Defendants' answers to Interrogatories Nos. 4, 7, and 8 are nonresponsive. Despite indication on Defendants' privilege log of the existence of such documents or individuals, Defendants fail to identify any responsive documents or individuals that would support their denials to Requests for Admissions Nos. 20, 23, and 24.

(c) Plaintiff's request that Defendants fully respond to Request for Protection No. 52 is DENIED. Given the Court's clarification of the previously authorized discovery, the Court does not find Defendants' total fees and costs expended since June 24, 2020 relevant to ruling on Defendants' affirmative defenses subject to their Motion for Summary Judgment.[2]

(d) Plaintiff's request that the Court compel Defendants "to produce documents logged on a privilege log" is DENIED without prejudice. At this juncture, Plaintiff has not specified any insufficient privilege log entry nor demonstrated "a factual basis sufficient to support a reasonable, good faith belief that *in camera* inspection may reveal evidence that information in the materials is not privileged." *In re Grand Jury Investigation*, 974 F.2d 1068, 1074-75 (9th Cir. 1992); *see also Rock River Comm'ns, Inc. v. Universal Music Group, Inc.,* 745 F.3d 343, 353 (9th Cir. 2014). Furthermore, as noted at oral argument, the Court declines to find that Defendants' have impliedly waived any applicable privileges by "placing the matter at issue" (dkt. # 565 at 5) at this time given Defendants' multiple representations that they intend to

---

[2] The Court's general finding that Plaintiff's discovery requests "appear[] clearly relevant and proportional to Plaintiff's need for discovery to present a defense to Defendants' release and *res judicata* affirmative defenses" in adjudicating Defendants' prior motion for a protective order (dkt. # 550 at 7-8) did not specifically consider Plaintiff's Request for Production No. 52 given the parties' nonspecific argument as to the totality of Plaintiff's discovery requests.

rely solely on the “four corners” of the State Settlement Agreement as their evidentiary support to the release and *res judicata* affirmative defenses. (*See* dkt. # 551 at 17:3-18:11.)

(e) Defendants are provided until **February 24, 2023**, to supplement their respective responses to Plaintiff’s Second Set of Requests for Admissions and First Set of Interrogatories.

(3) Defendants’ Unopposed Motion for Extension of Time (dkt. # 569) is GRANTED. The Court extends the discovery and supplemental briefing deadlines as follows:

(a) Defendants’ corporate representative deposition will take place on **March 7, 2023**;

(b) Mr. William Dodero’s deposition will take place on **March 8, 2023**;

(c) the parties’ deadline to conduct the authorized limited discovery is extended to **March 10, 2023**; and

(d) the parties’ deadline to submit 12-page supplemental briefs concerning “whether the State of Washington released the City of Seattle’s public nuisance claim when the State of Washington settled its PCB lawsuit against Defendants and whether res judicata applies” (*see* dkt. # 519) is extended to **March 20, 2023**.

As a result of the extended deadlines, the Clerk is directed to RE-NOTE Defendants’ Motion for Summary Judgment (dkt. # 326) for this Court’s consideration on **March 24, 2023**. The Clerk is further directed to send a copy of this Order to the parties and the Honorable Richard A. Jones.

Dated this 21st day of February, 2023.

MICHELLE L. PETERSON
United States Magistrate Judge