HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CITY OF SEATTLE,

    Plaintiff,

v.

MONSANTO COMPANY, *et al.*,

    Defendants.

Case No.  2:16-cv-00107-RAJ

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

## I.  INTRODUCTION

The matter before the Court is the Motion for Partial Summary Judgment of Affirmative Defenses filed by Plaintiff City of Seattle (the "Motion"). Dkt. # 271. After reviewing the motion, the Court determines oral argument is unnecessary. For the reasons below, the Court **GRANTS** in part and **DENIES** in part the Motion.

## II.  BACKGROUND

The background of this case is well-known and documented in the Court's Order granting in part and denying in part Defendants' motion to dismiss the City's First Amended Complaint. Dkt. # 60. The City filed its Second Amended Complaint ("SAC") on July 27, 2022, which only alleged an intentional public nuisance claim. Dkt. # 267.

ORDER – 1

Monsanto filed its Answer and Affirmative Defense to the City's Second Amended Complaint on August 8, 2022. Dkt. # 270. The City filed this Motion for Partial Summary Judgment of Affirmative Defenses on August 11, 2022. Dkt. # 271.

### III.  DISCUSSION

When a plaintiff seeks summary judgment on affirmative defenses, they "may satisfy [the] Rule 56 burden by showing that there is an absence of evidence to support [an essential element] of the [non-moving party's] case." *Powell v. Union Pac. R.R. Co.*, 864 F. Supp. 2d 949, 962 (E.D. Cal. 2012) (internal quotation marks and brackets omitted). While it is not essential that the plaintiff negate elements of the affirmative defenses by submitting affidavits or other evidence, they must point to something showing the absence of supporting evidence. *Id.* The Court addresses each contention in turn.

### (1) Failure to state a claim (Affirmative Defenses 1, 61)

Monsanto raises affirmative defenses based on the City's failure to state a claim upon which relief may be granted. Courts in the Ninth Circuit have routinely held that "failure to state a claim" is not a proper affirmative defense. *See, e.g.*, *Kaiser v. CSL Plasma Inc.*, 240 F. Supp.3d 1129, 1134 (W.D. Wash. 2017) (citations omitted). These courts have explained that failure to state a claim is not a proper affirmative defense but, rather, asserts a defect in the *prima facie* case and is more properly brought as a motion. *Id.* (citing cases). Accordingly, the Court grants the motion and dismisses those affirmative defenses.

### (2) Standing (Affirmative Defenses 58, 59)

Monsanto asserts that the City lacks standing to pursue its public nuisance claim. This Court has previously determined that the City has suffered injury to its property giving rise to standing for public nuisance claim. *See* Dkt. # 60 at 11–12. Accordingly, the Court grants the motion and dismisses those defenses based on lack of standing.

ORDER – 2

### (3) Administrative jurisdiction and exhaustion (Affirmative Defenses 30, 31)

The City next asks the Court to dismiss Monsanto's affirmative defense of primary jurisdiction. Dkt. # 271 at 13. Primary jurisdiction is a prudential doctrine that permits courts to determine "that an otherwise cognizable claim implicates technical and policy questions that should be addressed in the first instance by the agency with regulatory authority over the relevant industry rather than by the judicial branch." *Clark v. Time Warner Cable*, 523 F.3d 1110, 1114 (9th Cir. 2008). In evaluating primary jurisdiction, courts consider "(1) the need to resolve an issue that (2) has been placed by Congress within the jurisdiction of an administrative body having regulatory authority (3) pursuant to a statute that subjects an industry or activity to a comprehensive regulatory authority that (4) requires expertise or uniformity in administration." *Syntek. Astiana v. Hain Celestial Grp., Inc.*, 783 F.3d 753, 760 (9th Cir. 2015) (citations omitted).

Monsanto asserts that primary jurisdiction over some or all of the claims alleged is vested in the United States Environmental Protection Agency ("EPA"), the Washington State Department of Ecology ("Ecology"), and/or other state or federal agencies, certain of which have issued orders with respect to the alleged contamination. Dkt. # 270 (Aff. Def. 31). In the same vein, Monsanto asserts that the City has not exhausted its administrative remedies.

In this case, the City seeks damages and abatement costs rather than any ruling on the contents of any EPA or Ecology order. Accordingly, there does not appear to be any "agency expertise" in the context of a public nuisance action against a private party which would make the primary jurisdiction doctrine applicable. Furthermore, allowing this public nuisance case against a private party to proceed will not lead to the deliberate bypass of the administrative scheme requiring the exhaustion of administrative remedies. Therefore, the Court will grant the motion and dismiss the affirmative defenses relating to primary jurisdiction and exhaustion of administrative remedies.

ORDER – 3

**(4) Economic loss doctrine (Affirmative Defense 50)**

The City seeks dismissal of the affirmative defense based on the economic loss doctrine. Under the economic loss doctrine, when parties have contracted to protect against potential economic liability, contract principles override the tort and purely economic damages are not recoverable. *Berschauer/Phillips Const. Co. v. Seattle School Dist. No. 1*, 124 Wn. 2d 816, 818 (1994). There are no allegations of a contract between the parties such that the economic loss doctrine would apply. Therefore, the Court will grant the motion and dismiss the affirmative defense based on the economic loss doctrine.

**(5) Preemption (Affirmative Defenses 7, 28, 64)**

Monsanto argues that the City's public nuisance claim is preempted by federal and state law, including, without limitation, the Toxic Substances Control Act ("TSCA"), the Federal Food, Drug, and Cosmetic Act ("FDCA"), the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), the Occupational Safety and Health Act ("OSHA"), and all their predecessors and amendments, the Washington Product Liability Act ("WPLA"), and any other applicable statutes and/or federal and state law. Dkt. # 270 (Aff. Def. 31). The Court notes that TSCA and FDCA expressly contain savings clauses for state and common law claims. Similarly, OHSA, which impacts "employment performed in a workplace," 29 USC § 653(a), seemingly does not apply here to the City's claim. *Id.* However, the sufficiency of the legal and factual basis of these defenses, as well as the applicability of the defenses to a representative action for abatement of a public nuisance, will be addressed and determined on either Monsanto's motion for summary judgment (to the extent relevant) or at trial.

**(6) Defenses relating to claims no longer at issue**

Monsanto asserts numerous affirmative defenses relating to unjust enrichment, products liability, and negligence. *See* Aff. Defs. 20 (unjust enrichment), 38, 41, 45, 46, 66, 80, 85, 86 (products liability), and 37, 47, 53 (negligence). The Court reiterates that because these defenses do not respond to any claims brought by Seattle in the first place,

ORDER – 4

they are irrelevant and redundant. Dkt. # 116 at 26–27. The Court will grant the motion and dismiss these defenses.

### (7) Defenses relating to limitation periods (Affirmative Defenses 8, 9, 13)

This Court previously concluded that the City's efforts to rid its waterways of pollution is an act "for the common good," and so its nuisance claim was not barred by any applicable limitations period. *See* Dkt. # 60 at 9-10. Accordingly, the Court will grant the motion and dismiss these defenses.

### (8) Defenses relating to estoppel, unclean hands, waiver, and consent defenses (Affirmative Defenses 10, 11, 12, 14)

Monsanto seeks to assert estoppel, unclean hands, waiver, and consent as affirmative defenses. *See* Dkt. # 270. Under Washington law, estoppel may be applied equitably against a municipality acting in a proprietary capacity, but the bar is less likely to be applied when a municipality has acted in a governmental capacity. *City of Mercer Island v. Steinmann*, 9 Wash. App. 479, 481–82 (1973). As the Court concluded, the City is acting here "for the common good" and thus in a governmental capacity. Dkt. # 60 at 9-10. The Court will dismiss the estoppel defense.

However, the sufficiency of the legal and factual basis of Monsanto's remaining defenses, as well as the applicability of the defenses to a representative action for abatement of a public nuisance, will be addressed and determined at trial.

### (9)   Remaining Affirmative Defenses

The remaining defenses largely concern issues regarding allocation of liability, statutory compliance, and the applicability of the collateral source rule. *See* Dkt. # 271 at 23-29. The Court will not rule in a vacuum on the applicability of these defenses. The sufficiency of the legal and factual basis of Monsanto's remaining defenses, as well as the applicability of the defenses to a representative action for abatement of a public nuisance, will either be addressed and determined on either Monsanto's motion for summary judgment (to the extent relevant to that motion) or at trial.

ORDER – 5


## IV.  CONCLUSION

For the reasons stated above, the Court **GRANTS** in part and **DENIES** in part Plaintiff's Motion for Partial Summary Judgment of Affirmative Defenses. Dkt. # 271. The Motion is granted as to Affirmative Defenses 1, 8-10, 13, 20, 30-31, 37-38, 41, 45-47, 50, 53, 58-59, 61, 66, 80, 85-86 and is otherwise denied.

DATED this 21st day of March, 2023.

The Honorable Richard A. Jones
United States District Judge

ORDER – 6